### FORD MOTOR CO. v. McDONALD et al.

No. 28807.    May 16, 1939.

Everest, McKenzie & Gibbens, for petitioner.

Bynum & Egnew, Birge & Schwoerke, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. In this proceeding the Ford Motor Company, hereafter referred to as petitioner, seeks a review of an award made by the State Industrial Commission on August 11, 1938 (corrected August 17, 1938), in favor of George E. McDonald, hereafter referred to as respondent. The essential facts are not in dispute. On October 26, 1927, respondent sustained a compensable

injury which resulted in a total loss of vision in his left eye and for which he was paid compensation in the aggregate sum of $1,768.15 in compliance with an order entered by the Industrial Commission under date of April 12, 1928. Thereafter by act of the Legislature approved May 3, 1933 (section 4, chap. 29, Session Laws 1933, 85 Okla. St. Ann. sec. 43), was provided in part as follows:

"The jurisdiction of the commission to reopen any cause upon an application based upon a change in condition shall extend for the maximum period of time measured by the number of weeks for which compensation could have been awarded by the commission had the condition of claimant existed at the time original award was made thereon and unless filed within said period of time, same shall be forever barred."

On March 15, 1938, almost ten years after the date of the order of April 12, 1928, and almost five years after the effective date of the above-quoted statute, respondent filed his motion to reopen on the ground of an alleged change in condition which began in 1932 and resulted in the partial loss of vision in his right eye. The evidence was not conflicting as to the impairment of vision of the right eye, but there was a conflict with respect to whether such impairment was due to the original injury. The commission found, in effect, that respondent had sustained a change of condition which began in 1932 and which had resulted, in addition to the loss of the left eye, in a 23 per cent. loss of vision of the right eye, and that claimant was entitled to compensation for 61½ per cent. of permanent total disability, and directed payment accordingly for a period of 307½ weeks, less payments which had already been made, and also commuted to a lump sum $747 off the latter end of the award as attorneys' fees.

It is first contended that the present claim is barred by the above-quoted statutory provisions. Such contention was made under similar conditions in the case of Magnolia Petroleum Company v. Watkins, 177 Okla. 30, 57 P.2d 622, wherein it was held:

"The State Industrial Commission is not divested of jurisdiction to reopen a cause upon an application based upon a change in condition by the latter paragraph of section 4, chapter 29, Session Laws 1933, said application having been filed subsequent to the date said act became effective, where it appears that the claimant had sustained a change in condition prior to the effective date of said enactment.

"In construing a statute of limitations, it must, so far as it affects rights of action in existence when the statute is passed, be held, in absence of a contrary provision, to begin when the cause of action is first subjected to its operation."

In the instant case there were findings by the commission, based on competent evidence, to the effect that claimant's change in condition was prior to the effective date of the above-quoted statutes. Since the period of 307½ weeks had not expired from said date to the date of filing the present application to reopen, the claim was not barred by the provisions of said statute.

Further contentions may be summarized as follows: (1) The commission had no jurisdiction to commute a portion of the award to a lump sum; (2) the award is invalid because it was not based upon any decrease in wage-earning capacity of the respondent.

It will be observed that all of the contentions thus made are based upon the assumption that the award was one which had to be made pursuant to the applicable provisions of subdivision 3, section 13356, O. S. 1931, 85 Okla. St. Ann. sec. 22, All arguments made and the cases cited by petitioner are addressed to situations where an award has been made under such section of the statute. While it is true that the above-cited section of the statute provides a schedule of compensation for all classes of injuries permanent in nature and partial in extent, however, since the decision in the case of Maryland Casualty Co. v. State Industrial Commission, 139 Okla. 302, 282 P. 293, it has been held that where a partial loss of two members is involved the award is to be based upon a percentage of permanent total disability reasonably found to be produced by the injury to both members collectively and with due regard to their cumulative effect. See in this connection the case of Elk City Cotton Oil Co. v. State Industrial Commission, 184 Okla. 503, 88 P.2d 615. Since the injuries here involved were to two members and the award as made follows the rule as announced in the above-cited cases, we hold that the commission proceeded properly and that the present proceeding was commenced within the time limited by statute (section 4, chap. 29, Session Laws 1933, 85 Okla. St. Ann. sec. 43).

The authority of the Industrial Commission to commute to a lump sum any portion of an award made in the case of specific injuries has never been impaired or denied. Amerada Petroleum Corp. v. Lovelace, 184

Okla. 140, 85 P.2d 407. The cases cited by the petitioner to the contrary involved awards made under the "other cases" provision of the statute and have no application to a situation such as is here presented.

The final contention of the petitioner is fully answered by the case of Elk City Cotton Oil Co. v. State Industrial Commission, supra, wherein it was said:

"Where the injury sustained by an employee is to a specific member, the loss or loss of use of such member, under the statute, gives the employee a right to compensation irrespective of the effect such injury may have upon the ability of the employee to labor or perform work. In such case an additional award upon change in condition of the injured member may be made by the Industrial Commission without necessity of the employee showing a decreased ability to labor, since such requirement is confined to awards which have been made under the 'other cases' provision of the statute."

The award as made being in proper form and in conformity to the rules heretofore announced, and the record presenting no error of law, such award will not be disturbed by this court.

Award sustained.

WELCH, V. C. J., and OSBORN, GIBSON, HURST, and DAVISON, JJ., concur.