**APPLE et al. v. KELLEY et al.**

No. 29027.    Oct. 17, 1939.

Rolland O. Wilson, of Oklahoma City, for petitioners.

I. C. Saunders, of Shawnee, A. B. Carpenter, of Roswell, N. M., and Mac Q. Williamson, Atty Gen., for respondents.

PER CURIAM. In this proceeding Harry L. Apple, and his insurance carrier, hereafter referred to as petitioners, seek a review of an award which was made on November 29, 1938, by the State Industrial Commission in favor of L. R. Kelley, hereafter referred to as respondent.

The award so made was based upon a finding of change in condition whereby as the result of an injury to both feet respondent had become permanently and totally disabled to perform ordinary manual labor, and directed payment of compensation for such disability. The petitioners admit that on July 28, 1936, respondent sustained a compensable injury as the result of a fracture of the heels of both of his feet, and that settlement for resulting temporary total disability and a 22½ per cent. permanent partial disability was made under Form 14 agreement, which was approved by the State Industrial Commission on February 1, 1937. The petitioners urge, however, that the foregoing disability was the sole disability which respondent sustained as the result of his injury, and that there is no evidence to sustain the finding of change in condition and resulting permanent total disability.

The record shows that at the hearings held by the State Industrial Commission to determine whether there had been any change in condition of respondent since the order approving the Form 14 agreement, the medical testimony, while in direct conflict with respect to whether there had been any change in the degree of impairment of respondent, was in accord with respect to the fact that the respondent was, by reason of his injury, wholly incapacitated to perform ordinary manual labor, and there was some evidence to show that such condition was attributable to the original injury and had occurred subsequent to the order approving the Form 14 stipulation.

In any proceeding to reopen on change in condition, the burden is upon the claimant to prove a change in physical condition and that such change has occurred since the last prior order or award of the commission. Williams Bros. v. State Industrial Commission, 158 Okla. 171, 12 P.2d 896; Eagle-Picher Lead Co. v. Black, 164 Okla. 67, 22 P.2d 907. This burden, however, is met when the compensation claimant produces some competent evidence to support a finding in his favor. Under the record here presented, we find that in addition to medical evidence of a change in the physical condition of respondent, there is also evidence which shows that until shortly before the filing of the application for an

additional award respondent was able to perform some work of a manual and mechanical nature, and that thereafter he was wholly unable to engage in any substantially gainful occupation, and that such condition was due to his injury and was permanent in nature. This proof was sufficient to support the finding of the Industrial Commission that respondent had undergone a change in physical condition attributable to his original injury and which had resulted in permanent total disability. See Indian Territory Illuminating Oil Co. v. State Industrial Commission, 185 Okla. 72, 90 P.2d 398; Ford v. McDonald, 185 Okla. 130, 90 P.2d 404; Elk City Cotton Oil Co. v. State Industrial Commission, 184 Okla. 503, 88 P.2d 615; Blackburn Const. Co. v. Kennedy, 184 Okla. 549, 88 P.2d 881. The award being sustained by some competent evidence and being in conformity with the prior decisions of this court will not be disturbed.

Award sustained.

BAYLESS, C. J., WELCH, V. C. J., and CORN, HURST, and DAVISON, JJ., concur.