MORAN-BUCKNER et al. v. ALLISON et al.

No. 30528. Oct. 6, 1942.

*129 P. 2d 1005.*

Mont R. Powell and Preston Peden, both of Oklahoma City, for petitioners.

Arney & Barker, of Clinton, for respondents.

RILEY, J. This is an original proceeding brought by Moran-Buckner and the State Insurance Fund, its insurance carrier, for review of an order commuting to a lump sum the last 52 weeks of an award made for permanent total disability.

On August 7, 1940, respondent Claude C. Allison was totally and permanently disabled as a result of an accidental injury while employed by Moran-Buckner as a laborer in road construction. The State Industrial Commission made its award for total permanent disability on February 19, 1941. No proceeding for a review of the award was had, and the same became final.

June 26, 1941, respondent Allison filed a motion to commute the award to a lump sum and require immediate payment. Hearing was had on this motion resulting in a final finding and order as follows:

"1. That the claimant has a wife and five minor children; that he owes a substantial amount of house rent and grocery bills, and that it is to the best interest of the claimant and in the furtherance of justice that 52 weeks compensation of $579.96, be commuted to a lump sum payment off the latter end of the award heretofore made in this cause, and payable to the claimant and his attorneys herewith without

discount."

Order for commutation in accordance therewith was entered, and it is that order petitioners seek to have reviewed.

Section 13372, O. S. 1931, as amended by chapter 29, S. L. 1933, provides:

". . . Compensation and benefits shall be paid only to employees: provided, however, that an award made to a claimant under the provisions of this chapter shall, in case of death of claimant, be payable to and for the benefit of the persons following: (a) If there be a surviving wife (or dependent husband) and no child of the deceased under 18 years, to such wife (or dependent husband)."

Section 2, ch. 29, S. L. 1933, amended section 13365, O. S. 1931, so as to provide:

". . . Awards for permanent disability either total or partial, under subdivisions '1' and '3' of section 13356, Oklahoma Statutes 1931, (except as to 'other cases' provision of said subdivision '3'), shall be made for the aggregate total amount of compensation which the commission shall find the claimant will be entitled to receive, less any sum or sums theretofore paid which the said commission may find to be a proper credit thereon, and when same becomes final, the whole sum or any unpaid portion thereof, shall operate as a final adjudicated obligation and payment thereof may be enforced by the claimant, or in case of his death, by the surviving beneficiary entitled to the proceeds as provided in this act. The commission may determine that payment of said award may be made in monthly, or any other periodical installments as it may deem advisable, and may thereafter on application made or upon its own motion, modify or change the said order as to manner, time and amounts of periodical payments or may direct the payment of the entire balance thereof, and in case of death of claimant at any time before satisfaction or payment of the total award made, the same shall not abate, but shall be revived in favor of the person or persons determined by the commission to be entitled thereto."

This clearly means that when the award, thus made becomes final that portion thereof remaining unpaid shall

operate as a final judgment in favor of claimant against the employer and his insurance carrier. Said section as amended also clearly provides that the commission may determine that payment of said award may be made in monthly, or in any other periodical installments, as it may deem advisable, and may thereafter on application or upon its own motion modify or change the said order as to the manner, time and amounts of periodical payments, or may direct the payment of the entire balance thereof. If it may direct the payment of the entire balance thereof, it may direct the payment of any part of the same. Under the plain provision of the statute, the State Industrial Commission has the power and authority to make an order such as the one here involved.

We are not concerned with the question of whether or not death may occur as a result of the injury. In this case the claimant is still living and is entitled under the statutes to the payment of that part of the award ordered paid by the commission.

The order of the commission is affirmed.

OSBORN, BAYLESS, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. WELCH, C. J., and CORN, V. C. J., absent.