LIEBMANN'S INDEPENDENT ICE CO. v. GANTHER et al.

No. 31117. Oct. 26, 1943.

*142 P. 2d 605.*

Rinehart & Welden, of El Reno, and Butler & Rinehart, of Oklahoma City, for petitioner.

A. L. Morrison, of El Reno, and Randell S. Cobb, Atty. Gen., for respondents.

PER CURIAM. On the 13th day of January, 1942, Fred A. Ganther, hereinafter referred to as respondent, filed his first notice of injury and claim for compensation, stating that while employed as stationary engineer for the petitioner, the Liebmann Independent Ice Company, he sustained an accidental

injury on April 21, 1940. On the 24th day of August, 1942, the State Industrial Commission entered an award for permanent total disability and ordered payment of $2,000 in a lump sum to the respondent and $1,000 as attorney fees, the said sum of $3,000 to be paid from the latter end of the award. This proceeding is brought to review said award.

The petitioner raises two propositions. It is first argued that there is no competent evidence to sustain the finding that the respondent is permanently and totally disabled. The evidence discloses that respondent was injured when he slipped on an oily engine platform and fell on the floor of a building. He has an injured neck and an injury to his right arm, left arm, right leg, and left leg. That the injury is serious and practically totally incapacitating is not denied. It is claimed that the evidence shows that there are some kinds of labor that the respondent can do. In support of this petitioner cites and relies upon Oklahoma Gas & Electric Co. v. Hardy, 179 Okla. 624, 67 P. 2d 445. As stated in Dierks Lumber & Coal Co. v. Lindley, 182 Okla. 185, 77 P. 2d 44, the rule therein announced has certain definite exceptions and the State Industrial Commission may award compensation for permanent total disability when the evidence shows that, as a result of a compensable injury, the employee has been practically deprived of his ability thereafter to follow continuously some substantially gainful occupation although the employee is not reduced to a state of total dependency. See, also, Burnett-Hauert Lumber Co. v. Thompson, 185 Okla. 627, 95 P. 2d 630. The medical expert witnesses for respondent testified that respondent was totally and permanently disabled. We are of the opinion, and hold, that there is competent evidence reasonably tending to support the finding that respondent is totally and permanently disabled.

It is next contended that the State Industrial Commission erred in computing to a lump sum $2,000 for the respondent and $1,000 for his attorneys. Petitioner admits the potency and relevancy of Amerada Petroleum Co. v. Lovelace, 184 Okla. 140, 85 P. 2d 407, and related cases, but asserts that 85 O. S. 1941 § 41, as amended, changes the rule therein announced, and that now the State Industrial Commission is not authorized in the original award to compute to a lump sum, and argues that a commutation to a lump sum can only be made after the original award and upon due application, notice and hearing thereon. We cannot agree with this contention. The rule announced in Amerada Pet. Corp. v. Lovelace, supra, is that where no former award has been made the State Industrial Commission has the right in a proper case to commute, to a lump sum, any award it is authorized to commute, and the fact that there has been no formal written application therefor or notice given of a request for a commutation does not invalidate the order commuting the award to a lump sum. There is nothing in the amendment to the former section 13365, O. S. 1931, which changes the effect of this decision insofar as it allows a commutation for total permanent disability. See in this connection Ford Motor Co. v. McDonald, 185 Okla. 130, 90 P. 2d 404. The evidence received by the State Industrial Commission authorized a commutation of the award to a lump sum. In fact, the petitioner does not take the position that there is not sufficient evidence in the record to warrant a commutation of the award to a lump sum, but stands upon a procedural proposition that this can only be made after the original award has been entered by the State Industrial Commission.

The award of the State Industrial Commission is in all respects sustained.

CORN, C.J., GIBSON, V.C.J., and OSBORN, BAYLESS, WELCH, HURST, and ARNOLD, JJ., concur. RILEY and DAVISON, JJ., absent.