PETROLEUM MAINTENANCE CO. et al. v. HERRON et al.

No. 33494. April 19, 1949.

Rehearing Denied May 17, 1949.

*206 P. 2d 182.*

Butler & Rinehart, of Oklahoma City, for petitioners.

Frank Seay, of Seminole, for respondent.

Mont R. Powell and Anthony R. Kane, both of Oklahoma City, for Special Indemnity Fund.

ARNOLD, V.C.J. The facts pertinent to the issues raised are these: Claimant received an injury in 1937 which resulted in the removal of one eye and was awarded compensation for the loss of that eye and additional compensation on joint petition for loss of vision in the other eye.

Claimant suffered an injury in 1945 to his left leg which resulted in some permanent partial disability to the leg for which he was awarded compensation on joint petition settlement.

Claimant also received a compensable injury on April 25, 1947, while working for petitioner Petroleum Maintenance Company, for which compensation is now claimed, by a gin pole falling upon him resulting in a very serious permanent injury to the vertebrae of his back.

Without further detailing the record on the point, it is obvious that the claimant was a physically impaired person as defined by the Special Indemnity Fund Act.

Though the testimony, expert and otherwise, varies greatly in some respects, it cannot be and is not denied that the claimant is permanently and totally disabled. The commission, in accordance with its finding that claimant was so disabled as a result of the accident of April 25, 1947, awarded him 500 weeks' compensation against his employer, Petroleum Maintenance Company.

The commission dismissed the claim against the Special Indemnity Fund, saying in its order that "the combination of the injuries are of such a nature that he does not come under the Act." Apparently the theory of the commission was that the old injuries being so specific, classified and scheduled members of the body, could not be combined under any circumstances with a new and compensable injury to the back. This was not true before the enactment of the Special Indemnity Fund Act nor is it true now in permanent total cases. However, this erroneous conception, if indulged, does not require the vacating of the award herein.

The employer argues that the commission should have found that the claimant at the time of his last injury was a physically impaired person by reason of injuries to his eye and a leg; that by reason of his combined injuries he is totally and permanently disabled; that the employer is liable for the degree of disability which would have resulted if there had been no pre-existing impairment, and that the Special Indemnity Fund is liable for the balance.

In a case of permanent total disability wherein the Special Indemnity Fund is liable, we agree that the commission should make the findings contended for and divide the responsibility for payment of the compensation as indicated. However, if there is no liability attaching to the Special Indemnity Fund in this case by reason of the fact that the disability resulting from the combination of the old and new injuries is not materially greater than the disability would have been as a result of the last compensable injury, the order of the commission dismissing the claim as to the Fund was correct and the errors complained of were immaterial and harmless.

The commission's findings on controverted testimony as to the nature, cause and extent of disability is final and binding on us if reasonably supported by competent evidence. Though controverted, there is expert medical testimony in the record to the effect that claimant is a permanently totally disabled person by reason of the back injury alone. That is, disregarding the combined effect of the loss of vision and of the disability of the leg, claim-

ant would be, and is, a permanently totally disabled person.

The purpose of the Special Indemnity Fund Act is to protect employers against responsibility for combination of old and new disabilities so that employers can, without fear of having to pay for disabilities not inflicted, employ a physically impaired person. It was not the purpose of the Special Indemnity Fund Act to divide the disability flowing directly from the injury inflicted by the employer and place a part thereof on the Special Indemnity Fund. On the contrary, it has always been the legal duty of an employer under the Workmen's Compensation Law to bear full responsibility under the law for disability resulting directly from accidental injury occurring in his employment. While in this case the employee might have been by combination of all disabilities, old and new, permanently and totally disabled, though the injury to the back would standing alone constitute him less than permanent total, the commission found in effect that the old injuries did not materially increase his disability over that resulting from the last injury by finding that claimant was a permanently and totally disabled person by reason of the back injury standing alone. This being true, and we are bound by the finding of the commission on the point, the old injuries could not materially increase the disability resulting from the new injury standing alone, and therefore there was no liability on the Special Indemnity Fund.

On December 10, 1947, the commission en banc affirmed the order of the trial commissioner. On January 3, 1948, the order affirming was vacated. On January 10th the order of January 3, 1948, was vacated and the case was reset for hearing on January 17, 1948, at which time testimony was taken in support of a motion to commute the award to lump sum payment. The evidence in support of the motion was to the effect that claimant and family could not live on the compensation awarded if paid weekly, but if paid in lump sum he could start some small business of his own which would afford a living for himself and family.

The commission has wide discretion in the matter of ordering lump sum payments. In fact, we have said it has plenary power in this respect when, as here, there is no question of due process. (Manhattan Long Construction Co. et al. v. Bruton et al., 192 Okla. 639, 138 P. 2d 814). We cannot say as a matter of law that the commission abused its discretion in ordering the award paid in lump sum. See, also, Liebmann's Independent Ice Co. v. Ganther et al., 193 Okla. 218, 142 P. 2d 605, and Amerada Petroleum Corporation v. Lovelace et al., 184 Okla. 140, 85 P. 2d 407.

Award sustained.

DAVISON, C.J., and WELCH, CORN, GIBSON, LUTTRELL, HALLEY, JOHNSON, and O'NEAL, JJ., concur.