Samuel W. LARGENT, Petitioner,

v.

STATE INDUSTRIAL COURT et al., Respondents.

No. 48867.

Supreme Court of Oklahoma.

Nov. 2, 1976.

Bill Pipkin, Moore, for petitioner.

H. A. Bud Carter, Oklahoma City, for respondents.

BARNES, Justice:

This proceeding seeks review of a Trial Judge's order, affirmed on en banc appeal, denying Claimant's motion, which sought to tax costs of Claimant's deposition and expert witness fee against Respondents.

Prior to hearing on the claim, Respondents were furnished copy of a medical report from Dr. C.T., who examined Claimant after release and evaluation of disability by the treating doctor. This report detailed history, injury, ensuing surgical procedures, and reported Claimant totally and permanently disabled. The report disclosed, however, that Claimant had been referred to another physician (Dr. W.), who examined Claimant and reported findings to Dr. C.T. Within five days following receipt of Dr. C.T.'s narrative report, as required by State Industrial Court Rule 12, Respondents notified Claimant the report was objected to as not being the best evidence.

At the hearing (March 12, 1975), Claimant introduced this medical report, and at conclusion of evidence Claimant filed motion to tax costs of deposition. Respondents noted objection had been made to this report, and advised the court this physician was to be deposed that day, without prejudice to trial. The deposition was later introduced in evidence. Claimant then renewed his motion, and the Trial Court took the matter under advisement and granted the parties time for filing briefs.

On May 21, 1975, an order was entered awarding Claimant compensation for permanent partial disability and denying Claimant's motion for taxing of costs of deposition on the Respondents. The denial of this motion was appealed to State Industrial Court en banc, which affirmed the order. The issue presented concerns correctness of that portion of the order denying Claimant's motion.

Claimant's argument insists the motion was proper under the following reasoning. Deposition expenses are proper items of costs to be allowed the prevailing party by statute. 12 O.S.1971 § 538.10; 12 O.S.Supp. 1973 § 449. Depositions before State Industrial Court, authorized by 85 O.S.1971 § 82, are governed by procedure prescribed for civil actions in courts of record. State Industrial Court Rule 29, 85 O.S.1971, Chapter 4, Appendix, requires costs to be paid by Respondent in all cases where a final order is entered against Respondent for compensation. Therefore, since Claimant was the prevailing party, all deposition costs should be paid by Respondents, and the order reviewed should be vacated and the cause remanded.

Although this argument appears valid on its face, examination in light of circumstances involved discloses apparent oversimplification of the problem. The medical report furnished Respondents, and thereafter tendered into evidence, affirmatively disclosed the expert's opinion was predicated upon an opinion rendered by Dr. W., to whom Claimant had been referred by Dr. C.T. After Respondents' objection, on grounds this was not the best evidence, Claimant stipulated with Respondents for taking Dr. C.T.'s deposition in Claimant's behalf. The deposition testimony disclosed that, upon cross-examination, Dr. C.T. acknowledged there was a written report from Dr. W., which was required in making evaluation of Claimant, and was used in

**264**

arriving at the conclusion concerning disability.

A valid evidentiary defect was presented by Respondents' objection that this was not the best evidence upon basis of the content of the report. This could have been corrected by producing testimony of Dr. W., or by deposing Dr. C.T. Claimant chose the latter course, thus affording Respondents opportunity for cross-examination in order to ascertain whether Dr. C.T.'s evaluation was based upon his own knowledge or hearsay.

The Trial Court reserved determination of this issue pending filing of briefs. The final order entered, awarding compensation but denying motion to tax costs, adjudicated a mixed question of fact and law. Had the court found the fact to be that request to depose Claimant's medical witness had been made by Respondents, the issue presented would have been settled by application of Rule 12, 85 O.S.1971, Chap. 4, Appendix. Effect of the court's finding, however, was that this deposition did not come within purview of that rule because taken by agreement, to allow Claimant opportunity to remove the hearsay nature of tendered medical evidence. Therefore, as a matter of law, deposition expenses were not chargeable against Respondents as costs under Rule 29, simply because a final order awarding compensation had been entered. The Trial Court correctly determined the issue as to costs.

Our decision in *Cook v. State Industrial Court*, 518 P.2d 311 (Okl.1974), is cited in support of Claimant's argument. That case presented an entirely different issue arising from matters involving Rule 12, supra. We observe nothing in the reasoning, nor by valid inference, which supports Claimant's argument that deposition expenses are to be allowed as costs to the prevailing party in every instance.

Order denying motion to tax costs sustained.

All Justices concur.