INDEPENDENT SCHOOL DISTRICT
NO. 1 OF TULSA COUNTY,
Oklahoma, Petitioner,

v.

Grace J. ALBUS and the State
Industrial Court, Respondents.

No. 50733.

Supreme Court of Oklahoma.

Dec. 13, 1977.

---

3. *Beye v. Andres*, 179 Kan. 502, 296 P.2d 1049 (1956).

**556**

Rosenstein, Fist & Ringold by Gene L. Mortensen and Janine H. VanValkenburgh, Tulsa, for petitioner.

Byron D. Todd, Tulsa, for respondents.

BARNES, Justice:

A trial judge awarded compensation for permanent partial disability (35%) resulting from injury to Claimant's left leg during covered employment. The order included other findings denying Petitioner's claims concerning procedural matters, and, over objections, charged Petitioner with certain items of expense as costs. Petitioner, hereafter Respondent, perfected proceeding for review directly to Supreme Court. 85 O.S. 1971, § 29.

Matters summarized reflect factual basis for review. Although the transcript discloses occurrence of a prior hearing, at an unspecified time in Tulsa, Oklahoma, for settlement of any injury claim by joint petition, apparently no record was made of the proceeding, 85 O.S.1971, § 78. The transcript does disclose trial court rejection of proposed settlement because Claimant was not represented by counsel and had no medical evidence.

Claim for compensation alleged knee injury March 12, 1976, medical treatment by Respondent's Dr. V., and Claimant's release for return to work on June 3, 1976. Claim filed October 19, 1976, requested hearing be held in Tulsa County. On October 21, 1976, the trial judge ordered Claimant to report to Dr. W.J.H. in Oklahoma City on November 17, 1976, for examination at Respondent's expense.

˙Upon receipt of the doctor's report, Respondents objected thereto, and requested right of cross-examination either by deposition or testimony at the hearing upon two grounds: (1) not the best evidence; (2)

charges by Dr. H. were excessive, unreasonable and not comparable with charges prevailing in the same community for such services. Although the trial court acknowledged receipt of Dr. H.'s report and statement of charges, neither appears in the record. However, the statement received by Respondent, and ordered paid under the order, claimed $300.00 for services, including $25.00 typing fee.

The court set the case for hearing in Oklahoma City and Respondent moved for hearing to be held in Tulsa where the parties resided. Hearing was cancelled and Claimant thereafter made letter request for hearing in Oklahoma City. The case was reset in Oklahoma City over Respondent's objections, cancelled due to Dr. H.'s illness, reset and heard February 15, 1977, without Claimant being represented by counsel. The court noted Respondent's objections to Dr. H.'s medical report and to charges for examination reflected by statement which accompanied this report.

Testimony from Dr. H. concerning cause and extent of disability, resulting from history taken and results of complete physical examination, elicited on direct examination by the court, evaluated 35% permanent partial disability from injury to left leg. Respondent cross-examined Dr. H. as to basis of evaluation and factors considered in disability evaluation. The court refused to allow cross-examination relative to reasonableness of medical charges, stating this would be done in a second proceeding at which Respondent necessarily would have to produce witnesses to give testimony concerning similar charges in this locality. Respondent sought to introduce affidavits from Tulsa physicians concerning prevailing charges in that locality, and made an offer of proof in this connection. These affidavits, and an accompanying letter, were held inadmissible, although the court read those instruments and stated their contents in the record. Counsel excepted to the court's refusal to allow any cross-examination pertaining to reasonableness of charges for medical examination.

The court re-examined Claimant to establish employment, injury and jurisdiction, and ordered medical report of the treating surgeon (Dr. V.) admitted into evidence. This report, which had not been allowed on joint petition hearing, related Claimant's injury, hospitalization, surgery for medial meniscus, and eventual evaluation of 15% permanent partial disability from residual effects of injury.

An order awarded compensation for 35% (61.25 weeks) disability to the left leg, payment of accrued compensation ($1,900.00), and ordered balance of this award paid at rate of $100.00 per week. Respondent was ordered to pay Dr. H.'s charges for independent medical examination per statement rendered, and also ordered payment of $150.00 to the doctor as an expert witness fee.

Numerous contentions are presented as grounds for modification of this order. The cause must be remanded for further proceedings for reasons discussed hereafter. For this reason we do not consider whether consistent appointment of an independent medical examiner and sua sponte transfer of the cause to the city of the examiner's residence is proper exercise of judicial discretion, when qualified experts are available where the claim arose and the parties reside. Attention is directed, however, to our recent decision in *National Zinc Co. v. Sparger*, 560 P.2d 191 (Okl.1977), holding sua sponte transfer of a cause from Tulsa County to Oklahoma County was an abuse of judicial discretion.

■ Important questions arise from the production of Claimant's medical evidence. In workmen's compensation cases a Claimant must assume the burden of establishing cause and extent of disability. Where medical evidence is essential to establish disability resulted from accidental injury, this evidence must be proved by testimony of skilled professional people. *Carpenter v. Douglas Aircraft Co.*, 420 P.2d 911 (Okl.1966); *Chief Freight Lines, Inc. v. Rines*, 395 P.2d 799 (Okl.1964). Where Claimant inadvertently omits production of this proof, opportunity must be afforded

Claimant to supply such omission in interests of justice. *Carpenter v. Douglas Aircraft Co., supra,*

■ In this posture, the inquiry is whether Claimant's medical evidence was produced within confines of established rules governing compensation claims. We hold it was not. Claimant was required to adduce medical evidence to support claim for compensation. In event the Claimant had no medical evidence when the claim was heard, opportunity to offer evidence and preserve her rights would have obtained under the *Carpenter* decision. Without waiting for Claimant to assume the requisite burden, however, the court appointed an independent medical examiner. Respondent had nothing to do with this appointment, which was made without presence of any factor, i. e., disparity of medical testimony, which justified independent medical examination.

We have not considered the exact problem. Recently, however, in *Largent v. State Industrial Court*, 556 P.2d 262 (Okl. 1976), a similar question was invoked by denial of a Claimant's motion to tax deposition costs and expert witness fees. The charges were incurred by reason of Claimant's need for additional medical evidence. Claimant's theory was that deposition expenses were proper items of cost to be allowed the prevailing party when a final order is entered against Respondent. We held deposition costs and witness fees were not allowable simply because a final order awarded compensation against Respondents when cross-examination was necessitated by Claimant's need for medical testimony.

■ Respondent did nothing to cause appointment of an independent medical examiner, as this was accomplished solely upon the trial court's authority. Approval of this action would create a vehicle by which Claimant's burden of proof would be removed in every case. Simply by filing claim and awaiting trial court appointment of an examining doctor, both the burden of proof and necessity for producing expert testimony to support the claim would be shifted to Respondent. The discretion ac-

corded State Industrial Court in appointment of independent medical examiners does not contemplate changing settled law by removing necessity for counsel and initial production of medical evidence to show cause and extent of disability.

Further matters involved in appointment of the "neutral" medical examiner require attention. Both arise out of trial court rulings relative to testimony of Dr. H., who was not subpoenaed, and was present to testify in another case. The first inquiry concerns trial court's refusal to allow cross-examination of the doctor as to reasonableness of his fees. At outset of the hearing, counsel was advised Respondents had no right to object to reasonableness of charges, as this would have to be done by offering evidence that the doctor's charges were too high. The trial court then examined the doctor in respect to conduct of examination and evaluation based upon findings and reasons therefor.

■ Upon cross-examination, counsel sought to interrogate the doctor concerning charges appearing in his statement. The court again advised cross-examination would have to be based upon evidence as to similar charges in Oklahoma City in order to show Dr. H.'s charges unreasonable. Counsel sought to introduce affidavits of Tulsa specialists concerning charges for such examinations. The court properly denied admission of affidavits into evidence. The statutes and State Industrial Court Rules prescribe methods for production of deposition testimony. Ex parte statement of a physician cannot be considered as evidence unless agreed to by the opposing party. *Standard Coal Co. v. State Industrial Commission,* 139 Okl. 269, 281 P. 966. We do not, however, understand this failure to properly offer evidence showing unreasonableness of charges, by producing evidence concerning charges for the same examination in this locality, abrogates a party's right to cross-examine the physician concerning reasonableness of his own charges.

■ Courts generally recognize cross-examination is not a mere privilege, but is an absolute right of the party against whom a witness is called. *Harrold v. Okla.* (CCA 8th), 169 F. 47, 17 Ann.Cas. 868. Cross-examination is permitted to discredit a witness by showing bias, sympathy, prejudice, or the fact of a witness' interest in an action, financial or otherwise, all for the purpose of affecting credibility. 81 Am. Jur., Witnesses, § 551. Questions concerning reasonableness and basis for Dr. H.'s charges were proper subjects of inquiry. Any evidence tending to show matters indicating Dr. H.'s interest in the outcome of the proceedings was a proper subject of inquiry on cross-examination. In *Frierson v. Hines,* 426 P.2d 362 (Okl.1967), this matter was reviewed at length, and syllabus states:

"Anything which tends to show bias or prejudice on the part of the witness or anything which shows his friendship or intimacy toward either of the parties is commonly a proper subject of inquiry."

■ Related questions concern that portion of the order charging Respondent with costs of Dr. H.'s examination, and assessing an expert witness fee against Respondent for the doctor's testimony. The first inquiry involves the charge for medical examination. As noted above, this examination was made by order of the trial court, as a means of meeting Claimant's evidentiary burden imposed by the Act. Although appointed by the court, Dr. H., in reality, was Claimant's witness. Respondent filed written objection to the doctor's report and requested cross-examination as authorized by State Industrial Court Rule 12. Had written deposition been taken, as allowed by this Rule, costs of deposition only would have been chargeable against Respondent. Where independent medical examination is ordered by the court solely as a means of supplying expert testimony to support claim for compensation, no greater obligation can be assessed against a Respondent. Under these circumstances the trial court had no authority to order costs of medical examination to be paid by Respondent.

The trial court also ordered an expert witness fee for Dr. H., to be paid by Respondent. Under our Act, 85 O.S.1971, § 81,

witnesses who appear in obedience to subpoena are entitled to receive for their attendance the same fee and mileage provided for witnesses in civil courts of record. Civil Code Provisions, 12 O.S.1971, § 386, et seq., provide manner of enforcing attendance at trial. Other statutes, 28 O.S.1971, § 81, et seq., prescribe the amount of witness fees and manner of payment. These statutes extend no authority for allowing fees of expert witnesses.

■ The right to recover expert witness fees as part of the costs does not exist absent specific statutory authority. 30 Am. Jur.2d, Costs, § 64; *Arkansas Game & Fish Comm. v. Kizer,* 222 Ark. 673, 262 S.W.2d 265, 39 A.L.R.2d 1372; 101 C.J.S. Workmen's Compensation § 823b., wherein the text states:

"A statute authorizing the payment of the fees of medical and other witnesses on appeal from an order of the board does not authorize the payment as costs of fees of expert medical witnesses beyond the ordinary fees authorized by statute for witnesses generally."

The trial court had no authority to enter an order requiring Respondent to pay an expert witness fee in this case.

A further inquiry arises from the order which awarded compensation for 35% permanent partial disability with accrued payments payable in lump sum, but further ordered balance of the award to be paid at rate of $100.00 weekly. Recently, in *Humpty Dumpty et al., v. Moorehead,* 569 P.2d 998 (Okl.1977), we held calculation of benefits under Section 22(5) can be made only upon basis of weekly payments prescribed by statute, and not upon basis of dollar amounts. Limitations prescribed in Section 22(5) fix minimum and maximum compensation payable weekly.

Trial court authority to change mode of payment appears in Section 41, which states, in pertinent part:

"The Commission may determine that payment of said award may be made in monthly or any other periodical installments as it may seem advisable, and may thereafter, on application made or upon its own motion, modify or change the said order as to manner, time and amounts of periodical payments or may direct the payment of the entire balance thereof."

State Industrial Court authority to commute disability awards to lump sum payment under this provision has long been recognized. *M. T. Smith & Son Drilling Co. v. Cox,* 162 Okl. 301, 21 P.2d 496. However, in that decision claimed lack of due process, based upon lack of notice of application to commute, was denied upon authority of *Livingston Oil Corporation v. Henson* (1923), 90 Okl. 76, 215 P. 1057. The latter case declared due process was involved only where original jurisdiction was exercised, and not where decision involved a collateral issue in a matter wherein parties *already were before the court.* The rule thereafter was applied in *Asplund Const. Co. v. Williams,* 150 Okl. 10, 300 P. 755; *Manahan Drilling Co. v. Bazzel,* 153 Okl. 23, 4 P.2d 745; *M. T. Smith & Son Drilling Co. v. Cox, supra.*

The issue again was presented in *Derr v. Weaver* (1935), 173 Okl. 140, 47 P.2d 573, which involved lump sum settlement made without written application, notice, or testimony concerning commutation. That decision recognized continuing jurisdiction of State Industrial Commission, but declared that body could not change parties' status or rights without application, notice, hearing and opportunity to defend. Former decisions based upon the rule in *Livingston Oil Corporation v. Henson, supra,* specifically were overruled, upon this reasoning:

"The power to make changes in the method of payment is not unlimited, nor can it be exercised arbitrarily. These changes can only be ordered when the commission deems them 'advisable' and 'in the interest of justice.' In our opinion this means that the commission must exercise a discretion based upon advice, that is, information or evidence, and that this advice shall be such as is sufficient to show that the change sought will be in the furtherance of justice. These are matters which can only be determined upon evidence. Evidence ought not to be

taken upon such a matter without an opportunity to one whose rights or status is to be changed thereby to oppose the same if he so desires."

However, in *Amerada Petroleum Corp. v. Lovelace* (1938), 184 Okl. 140, 85 P.2d 407, the Court refused to recognize requirements of *Derr, supra,* holding State Industrial Court had the right in a case involving injury to specific member to commute to lump sum any award the Commission was authorized to commute, and lack of formal application or notice did not invalidate a commutation order. This holding is contrary to decisions mentioned, as well as later cases, but makes no effort to explain or distinguish from the *Derr* case. This result was followed in *Ford Motor Co. v. McDonald* (1939), 185 Okl. 130, 90 P.2d 404, which also involved injury to a specific member. And, in *Liebmann's Independent Ice Co. v. Ganther* (1943), 193 Okl. 218, 142 P.2d 605, commutation of award for permanent total disability without application and notice was approved upon authority of two decisions last cited. It is noteworthy, however, the decision directed specific attention to sufficiency of evidence to warrant commutation of the award.

*Petroleum Maintenance Co. v. Herron,* 201 Okl. 393, 206 P.2d 182, involved an award for permanent total disability, entered at a reset hearing following vacation of a prior order. At this hearing evidence was presented in support of a motion to commute. Order of commutation was approved upon review, in view of State Industrial Commission plenary power to commute awards *when there is no question of due process.* The decision cites *Manhattan Long Const. Co. v. Bruton* (1943), 192 Okl. 639, 138 P.2d 814, syllabus 3 of which states:

"The wisdom and expedience of permitting the State Industrial Commission to commute awards to lump sums and to direct their immediate payment is a matter of legislative concern and is not a matter of judicial inquiry except where in commuting an award due process of law has been denied."

In *Garvin County v. Douglas,* 394 P.2d 469 (Okl.1964), an order commuting award for permanent total disability was based upon claimant's motion, although no final determination was made when presented. Commutation order was entered some 52 days thereafter without further motion, notice, or hearing. This order was vacated because failure to give adverse party opportunity to present evidence against commutation of periodical payments to lump sum constituted denial of due process. Lack of due process was found upon authority of *Derr v. Weaver, supra,* and *A. K. Spalding Const. Co. v. Walden,* 268 P.2d 247 (Okl. 1954).

The above decisions involved commutation of awards under Section 41. The same statute extends discretionary authority for a trial court to modify, or change the amount of periodical payments. The first sentence declares awards for permanent disability " \* \* \* shall be made for the aggregate total amount of compensation \* \* \*." The second sentence extends discretionary authority for a trial court, upon application or the court's own motion, *thereafter* to modify or change manner, time or amount of periodical payment of those awards mentioned in the first sentence.

Two methods appear in Section 41 for ordering satisfaction of an award by enlargement of periodical payments specified under Section 22(5), supra. The first is by commutation of a specified number of weeks' compensation from the latter end of an award to a lump sum payment. *Moran-Buckner v. Allison,* 191 Okl. 324, 129 P.2d 1005.

The second method authorized appears in the provision granting discretion to modify or change manner, time and amount of periodical payments. This may be accomplished by application, or upon the court's own motion. Either method may be applied *thereafter,* which can only mean after a final award which must comply with Section 22(5), supra. A statute should be construed, if possible, so as to render every word, phrase, and clause operative. *Olim v.*

*Mayberry,* 524 P.2d 24 (Okl.1974); *General Motors Corp., Argonaut Division v. Cook,* 528 P.2d 1110 (Okl.1974). The limitation prescribed by "and may thereafter * * *" must be construed as authorizing modification or change after a final award. Otherwise, this limitation is meaningless and this section must be construed as authorizing awards for permanent disability to be made periodically in any amount, or in a lump sum, as the court may determine after the case is submitted.

There is no difficulty when time, manner, and amount of payments are determined after hearing upon application of either party. Orderly hearing is essential to validity of an order or award, notice and opportunity to be heard being jurisdictional. *Nelson v. Central State Roofing Co.,* 345 P.2d 866 (Okl.1959); *Derr v. Weaver, supra.* The problem arises when, as in the present cause, nothing prior to submission of the claim for determination indicates periodical payments are to be accelerated beyond the limitations set forth in Section 22(5).

In this instance, requirements of due process have not been met. An order entered on a trial court's own motion without notice or hearing, which greatly accelerated periodical payments because of pending death, does not afford due process or promote substantial justice. *Kerr's, Inc. v. Smith,* 359 P.2d 330 (Okl.1961).

Due process requires notice and hearing evidence bearing upon the need for accelerating periodical payments, or commutation, before entering an order upon the court's own motion.

The award is vacated and the cause remanded for further proceedings not inconsistent with views expressed.

All the Justices concur.