## SHELL PETROLEUM CORP. v. WHITE et al.

No. 26358.    Jan. 28, 1936.

Rehearing Denied April 21, 1936.

574

Joe T. Dickerson, Geo. W. Cunningham, John C. Quilty, F. C. Love, and W. D. Simms, for petitioner

John T. Cooper and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original action in this court to review an award of the State Industrial Commission made in favor of Walter M. White, hereinafter referred to as claimant, and against the Shell Petroleum Corporation, hereinafter referred to as petitioner.

It is conceded that claimant was in the employ of the petitioner on the date of his alleged accidental injury, and that he was engaged in a hazardous occupation as defined by the Workmen's Compensation Law of this state.

The finding of the State Industrial Commission was that on the 19th day of March, 1930, the claimant sustained an accidental personal injury in the course of and arising out of his employment, consisting of an injury to his head when he fell exhausted from inhaling gas, causing paralysis of the arms and legs. The further pertinent findings of the commission were:

"The commission finds that claimant is totally and permanently disabled and has so been since the date of the accidental injury. That as a result of the accidental injury, claimant has sustained a permanent partial disability of 60 per cent., which would cause a decrease in his wage-earning capacity of at least $2.60 per day. That by reason of said decrease in wage-earning capacity due to the injury, claimant is entitled to sixty-six and two-thirds percentum of the difference, or reduction in wage-earning capacity, due to the accidental injury.

"That respondent and insurance carrier had actual notice of claimant's condition and the accidental injury, and are not prejudiced by any failure on the part of claimant to give written notice of the same within a period of 30 days."

The commission held that claimant was entitled to compensation from March 19, 1930, to April 16, 1935, less the 5-day waiting period at $10 per week, and weekly compensation thereafter at the same rate until a total of not to exceed 300 weeks had been paid or until otherwise ordered by the commission, and reasonable medical expenses on account of said injury, and ordered payment accordingly.

As grounds for review and vacation of said award, the petitioner makes 10 assignments of error and discusses them under four propositions, which may be summarized as follows:

First. That the award is not supported by the evidence; second, that any disability of the claimant was due to disease and not to any accidental injury; third, that the claim was barred by the one-year statute of limitations; fourth, that the finding of the commission that the petitioner had actual notice of the injury and that no prejudice had resulted by reason of failure to give the written notice is not supported by the evidence.

On the other hand, claimant contends that there is ample evidence to support the findings of the commission in every respect.

There appears to be no serious contention regarding the disability of the claimant. The petitioner concedes that the findings of the commission on all nonjurisdictional questions of fact, where supported by competent evidence, are binding upon this court, but it vigorously contends that the uncontradicted testimony shows that claimant's disability is entirely due to a diseased condition of his heart and a result of pyorrhea, neither of which was caused, aggravated, precipitated, or accelerated by an injury. As we have said in McKeever Drilling Co. et al. v. Egbert, 170 Okla. 259, 40 P. (2d) 32:

"This court in reviewing an award of the State Industrial Commission will not accept as conclusive the findings of fact of the State Industrial Commission concerning a jurisdictional question, but on review will weigh the evidence relating thereto and make its own independent findings of fact with relation thereto."

We have therefore carefully reviewed the entire record herein. We find therefrom that both the lay and medical testimony as to the occurrence of the alleged accident and

approximate cause of claimant's condition is in conflict; that the evidence on the part of claimant, if believed, is sufficient to establish the theory of accidental injury, and likewise that the evidence of the petitioner, if believed, is sufficient to establish the theory of disease. We further find, however, that the record discloses that the claimant had worked for the petitioner from August 2, 1927, to the date of the alleged injury without being off a day on account of illness, and that immediately after the 19th day of March, 1930, the date of the alleged injury, he appears to have been seriously incapacitated. As we have said in the case of Johnson Oil Refining Co. et al. v. Guthrie, 167 Okla. 83, 27 P. (2d) 814:

"An 'accident,' as contemplated by the Workmen's Compensation Law (Comp. Stat. 1921, sec. 7282, et seq., as amended), is distinguished from an occupational disease in that it arises by some definite event the date of which can be fixed with certainty, but which cannot be so fixed in the case of occupational diseases.

"Where an employee of an oil refinery was engaged for a period of time in cleaning petroleum coke out of stills and over said period of time was exposed to coke dust and gas fumes, and where it is further shown that on a date certain said employee went to work as usual and after working a portion of the day became suddenly and violently ill, and where the evidence shows that the inhaling of gas fumes and coke dust over said period of time and the inhaling of gas fumes and coke dust on the date certain combined to produce the disability of said employee, and he had reached the limit of his endurance on said date and the gas fumes and coke dust inhaled on said date constituted the exciting cause of his injury, the same was an accidental personal injury and comes within the provisions of the Workmen's Compensation Law."

It would serve no useful purpose to review all of the testimony in this cause. In many respects the alleged injury is similar to that involved in Johnson Oil Refining Co. v. Guthrie, supra. In employee's first notice of injury and claim for compensation, it will be noted that the claimant gives as the cause of accident inhaling gas and smoke fumes. At the hearing before the commission, Dr. J. A. Bates, on behalf of claimant, testified in substance that he knew the claimant prior to March 19, 1930, and that his physical condition was apparently good; that he examined him on March 29, 1930, and found him suffering with paralysis of the right side, arm and leg, and partial paralysis of the tongue and ptosis of the

right eyelid; that claimant gave him a history of an injury at that time and that he attributed the condition of claimant principally to the injury as given in claimant's history.

The claimant, in substance, testified that on the morning of the 19th of March, 1930, a surface line broke and discharged a lot of gas, throwing him against the wall and rendering him unconscious.

As said in Johnson Oil Refining Co. v. Guthrie, supra:

"It is well settled in this jurisdiction that the Workmen's Compensation Act does not apply exclusively to traumatic injuries."

In Bryant et al. v. Beason et al., 153 Okla. 57, 4 P. (2d) 1061, this court said:

"Where, in a proceeding to review an award of the State Industrial Commission, the record discloses a conflict as to whether the disability of the employee is due to an occupational disease or to an accidental injury, the finding of the commission of accidental injury will not be disturbed."

The evidence on behalf of the claimant, if believed, was sufficient to establish an accidental injury within the rules announced in the above cases; therefore, the commission had jurisdiction to make an award, and the contentions of the petitioner in this respect must be denied.

The next contention of the petitioner is that since the original notice of injury and claim for compensation gave the date of the injury as January 1, 1930, and this date was corrected on November 8, 1934, to March 19, 1930, this did not constitute an amendment, but amounted to the filing of a new claim, and consequently was barred by the one-year statute of limitations. The authorities cited by the petitioner in support of this contention do not bear the interpretations which the petitioner seeks to place upon them. The correction as to the date of the injury did not in any manner change the claim or substitute a new or different injury for the consideration of the commission. This court has repeatedly held that exact precision in the statement of the claim before the Industrial Commission is not essential. In Gypsy Oil Co. v. Jackson, 158 Okla. 139, 12 P. (2d) 694, we said:

"Exact precision is not required in describing the nature and extent of accidental injury in a claim of an injured employee filed with the State Industrial Commission. It is sufficient if it states in ordinary language the nature and cause of the injury. If the

evidence before the commission shows other or additional injuries caused by the same accident, such additional injuries may be taken into consideration in awarding compensation."

Claimant admits that written notice of the alleged injury was not given within 30 days thereafter as required by statute, but claims petitioner had actual notice thereof within said time, and introduced evidence before the commission in support of this contention.

As we have said in Maryland Casualty Co. v. Osborn, 166 Okla. 235, 26 P. (2d) 934:

"Where an employee fails to give to the Commission and to the employer, within 30 days after an injury, notice in writing containing the name and address of the employee and stating in ordinary language the time, place, nature, and cause of the injury, as required by section 13358, O. S. 1931, and seeks to excuse failure to give such notice upon the ground that the employer had actual notice of all of the facts that the notice is required to impart, and offers competent evidence of that fact, the burden is then placed upon the employer or the insurance carrier to offer competent evidence to establish the fact that, notwithstanding such actual notice, still the employer and insurance carrier are prejudiced by failure to give such notice."

Petitioner offered no evidence to controvert the testimony on the part of the claimant as to actual notice of the alleged injury, and did not attempt to prove that it was prejudiced in any manner by failure to give the written notice notwithstanding such actual notice. The burden was upon the petitioner under these circumstances, and in view of its failure to assume such burden, the commission was authorized to make the finding that it did thereon, and there is competent evidence in the record to sustain such finding.

Since the commission had jurisdiction under the evidence before it, and the findings of fact and the award herein are reasonably supported by competent evidence, the same will therefore be sustained.

Award affirmed.

McNEILL, C. J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.