2001 OK CIV APP 61

**HERMAN BROTHERS and Great West Casualty, Petitioners,**

v.

**Duane Patton HUFFMAN and Workers' Compensation Court, Respondents.**

No. 95,155.

Court of Civil Appeals of Oklahoma, Division No. 2.

April 17, 2001.

Kent McGuire, Linda M. Szuhy, Whitten, Nelson, McGuire, Wood, Terry, Roselius & Dittrich, Tulsa, OK, for Petitioners.

Gus Farrar, Farrar & Farrar, P.C., Tulsa, OK, for Respondent.

REIF, Vice Chief Judge:

¶1 Employer and Insurance Carrier seek review of the trial court's "order authorizing medical treatment" for a change of condition for the worse in Claimant's lumbar spine. They contend that the trial court erred in entering this order, because (1) Claimant did not timely file his motion to reopen for change of condition and (2) the medical evidence fails to show any change in Claimant's condition that existed at the time of the initial disability award. We address only the first assignment of error, because it is dispositive.

¶ 2 To support their first assignment of error, Employer and Insurance Carrier note that the motion to reopen was filed January 26, 2000, some three hundred and thirty weeks after the initial disability award entered September 9, 1993. They stress that 85 O.S. Supp.2000 § 43(C) requires a motion to reopen to be filed within 300 weeks of the "last order" in cases of whole-body disability. They have argued the last order referenced in the statute is the last order awarding disability. The trial court disagreed and ruled it was *literally* the last order regardless of the matter determined by the order. The record reflects that the last order entered was an order allowing an attorney to withdraw and that the motion to reopen was filed within 300 weeks of that order.

¶ 3 In reviewing the record and applicable law, we find merit to the contention that the "last order" for limitations purposes was the initial award of disability. The meaning of the term "last order" in § 43(C) that "triggers the time-bar for reopening a claim on changed condition" has recently been provided by the supreme court in *Arrow Tool & Gauge v. Mead*, 2000 OK 86, ¶ 18, 16 P.3d 1120, 1126. In this case, the supreme court expressly rejected a literal interpretation of this term. The court held that the legislature intended the timeliness of a motion to reopen to be measured from the last order that substantially affects the monetary, medical, or rehabilitative benefits conferrable by workers' compensation law.

¶ 4 Applying this definition to the instant case, it is clear that Employer and Insurance Carrier are correct that the initial award of disability on September 9, 1993, was the last order in this case that substantially affected Claimant's recovery of monetary, medical, or rehabilitative benefits. Claimant's motion to reopen was untimely because it was filed more than three-hundred weeks after this "last order." The next question that must be answered is the effect of this untimely motion on Claimant's right to reopen.

¶ 5 If the trial court had not given the term "last order" as used in § 43(C) a strict or literal interpretation, the trial transcript reflects that the trial court would have applied the time period in § 43(C) as a "statute of repose" rather than treating it as a "statute of limitations." The case of *Neer v. State ex rel. Oklahoma Tax Commission*, 1999 OK 41, ¶ 19, 982 P.2d 1071, 1078–79, provides the most recent pronouncement by the supreme court on the subject of statute of repose versus statute of limitation. The court stated: "In essence, a statute of limitation is a procedural device and does not start to run until a cause of action accrues, i.e., at that point in time a plaintiff can successfully prove the elements of his/her claim." The court continued by noting: "A statute of repose, in contrast, begins to run from a date certain, regardless of when a plaintiff may be able to bring a cause of action to successful conclusion." *Id.* The court also stressed that "a statute of repose marks the boundary of a substantive right." *Id.*

¶ 6 The court in *Neer* undertook an analysis of the statute at issue to determine whether it was a statute of limitations or a statute of repose, even though prior cases had generally referred to the statute as a statute of limitations. Like the court in *Neer*, we must look beyond the general reference in *Arrow Tool* concerning a "time-bar defense" and determine the legislature's intent concerning the effect of the period of limitations in § 43(C).

¶ 7 The case of *Hiskett v. Wells*, 1959 OK 273, ¶ 14, 351 P.2d 300, 304 (citation omitted), provides a test for determining the effect of a time-limitation for enforcing a statutory right. The test states: "Whether a particular limitation of time is to be regarded as part of the general statute of limitations, or as a qualification of a particular right must be determined from the language employed and from the connection in which it is used." *Id.* The language in § 43(C) indicates that the "jurisdiction" of the workers' compensation court to reopen a claim extends for a set period of time. The language of § 43(C) also requires an application to reopen to be filed within that time or be "forever barred."

¶ 8 The use of "jurisdiction" in the version of § 43 in effect in 1989 received special attention in *Taylor v. City of Oklahoma City*, 1989 OK 129, ¶ 4, 782 P.2d 1363, 1364–65.

This case involved a motion to reopen for change of condition for the worse that was not timely filed. The respondent filed no response to the motion. At the close of the trial, "respondent argued the limitations period for filing the motion [to reopen] had expired, that petitioner was barred from asserting his claim and the Workers' Compensation Court was without jurisdiction." *Id.* The trial court ruled that the "claim for compensation was time-barred." *Id.*, 782 P.2d at 1365. A three-judge panel affirmed the trial court's denial, but the Court of Appeals reversed. The Court of Appeals held that "the respondent's failure to raise the limitations question by responsive pleading constituted a waiver of that defense." *Id.* at ¶ 6, 782 P.2d at 1365. The supreme court "granted certiorari to consider the questions presented on the issue of limitations." *Id.*

¶ 9 The supreme court began its consideration of the "issue of limitations" by reviewing the "pertinent provisions" of the statute in effect at the time—85 O.S.1981 § 43. The "pertinent provisions" in that version of § 43 considered by the court were found in the third paragraph of text. This third paragraph is substantially the same as subsection (C) in the version of § 43 that is applicable to the instant case—85 O.S. Supp.2000 § 43. These two versions have the same critical language in common:

"The jurisdiction of the Court to reopen any cause upon an application based upon a change in condition shall extend [for a specified period] and unless filed within said period of time, ... shall be forever barred."

In the *Taylor* case, the supreme court underscored the words: *"The jurisdiction"* and *"unless filed within said period of time, ... shall be forever barred." Taylor*, 1989 OK 129, ¶ 8, 782 P.2d at 1365. Based on this language, the court concluded: "It is not mandatory that a *jurisdictional* issue be raised prior to the hearing on the merits of the claim." *Id.* at ¶ 9, 782 P.2d at 1365. The supreme court reinstated the trial court's denial of the motion to reopen because the motion was time-barred.

¶ 10 The effect of a statute of repose/time-bar on the jurisdiction of a court was ex-

pressly considered in *In re Estate of Speake*, 1987 OK 61, 743 P.2d 648. *Speake* involved a statute in which the legislature has similarly restricted the right to contest a will by making the admission of the will to probate "conclusive" where no contest of the will is filed within three months after the admission of the will to probate. *See* 58 O.S.1991 § 67. In deciding the effect of this time period on the right to contest a will, the supreme court determined that this statute "extinguishes both the contestant's *right* and the court's *power* to act." *Speake*, 1987 OK 61, ¶ 8, 743 P.2d 648, 651. The supreme court explained:

[A] lapse-of-time provision like that found in § 67 is a *condition on the right to wage a contest.* The condition goes unfulfilled when a contest is not brought within the specified time [therefore] the *right* to contest a will is lost upon expiration of the statutorily prescribed interval [and must] be regarded as a *limitation upon the court's power to exercise its cognizance over a post-probate contest.*

*Id.* at ¶ 12, 743 P.2d at 652. The supreme court concluded that "the opportunity to bring a post-probate will contest is irretrievably lost unless the quest for relief be brought within the specific period provided." *Id.* at ¶ 16, 743 P.2d at 653–54 (footnote omitted).

¶ 11 Like the court in *Speake*, we must conclude that § 43(C) is a statute of repose which governs both Claimant's right and the court's power to act. That is, *the right* to reopen an adjudicated claim is lost upon expiration of the statutorily prescribed interval which, in turn, imposes a limitation upon the court's power to exercise its cognizance over a post-adjudication quest to reopen. Or, as the court in *Speake* alternatively stated, "the opportunity to [reopen a claim] is irretrievably lost unless the quest for relief be brought within the specific period provided [by § 43(C)]." *Id.*

¶ 12 Employer and Insurance Carrier took several steps before the trial of the motion to reopen to contest the adjudication of the motion to reopen on the ground that it was time-barred under § 43(C). Even if they had not been so diligent, this court would

have been required to entertain their plea on review, because of the jurisdictional implications of this issue. The "question of jurisdiction is an issue which is 'primary and fundamental in every case, and must be inquired into and answered by [the appellate courts] both as to [appellate] jurisdiction as well as to the jurisdiction of the court from which the appeal is taken, whether raised by any party or not.' " *Pointer v. Hill,* 1975 OK 73, ¶ 14, 536 P.2d 358, 361 (citations omitted). *See also Cate v. Archon Oil Co.,* 1985 OK 15, ¶ 10, 695 P.2d 1352, 1356, n. 12.

¶ 13 Under § 43(C), as interpreted in *Arrow Tool,* the trial court's jurisdiction to reopen the adjudication of permanent partial disability due to the job-related injury to Claimant's back extended only 300 weeks after the last order that affected Claimant's recovery under the Workers' Compensation Act. Because Claimant's motion to reopen was filed some 330 weeks after the last order that affected his recovery, the motion was outside the time provided by the Legislature to invoke the jurisdiction of the court to reopen the claim. Accordingly, the award entered in the proceedings to reopen was jurisdictionally infirm and erroneous as a matter of law.

¶ 14 The award is vacated and case remanded with directions to dismiss the motion to reopen as untimely under 85 O.S. Supp. 2000 § 43(C).

¶ 15 VACATED AND REMANDED WITH DIRECTIONS.

¶ 16 GOODMAN, P.J., and COLBERT, J., concur.