2003 OK CIV APP 52

**Brenda FLEMING, Petitioner,**

v.

**OWENS ILLINOIS INC., Liberty Mutual Insurance Company, and The Workers' Compensation Court, Respondents.**

**No. 98,723.**

Court of Civil Appeals of Oklahoma, Division No. 2.

May 13, 2003.

Gary G. Prochaska, Foshee & Yaffe, Oklahoma City, OK, for Petitioner.

Aimeé J. Treece, Oklahoma City, OK, for Respondents.

Opinion By TOM COLBERT, Vice Chief Judge:

¶ 1 Claimant, Brenda Fleming, seeks this Court's review of an order of the workers' compensation court determining that her motion to reopen is barred by the statute of limitations. Because the relevant facts are not in dispute, the issue presented for our review is one of law and we sustain the order.

## BACKGROUND

¶ 2 Claimant suffered an on-the-job injury on July 8, 1987, while employed by Employer, Owens Illinois, Inc.[1] She received workers' compensation benefits and, on July 22, 1991, was adjudicated permanently partially disabled (PPD). On September 14, 1995, the workers' compensation court entered an order on a change in condition, awarding additional PPD and "continuing medical care ... including prescriptions by [Dr. Duncan], until further order of this Court."

¶ 3 On September 17, 1998, the workers' compensation court entered a "miscellaneous order" directing Employer to reimburse Claimant $382.35 for expenses from prescriptions written by Dr. Duncan.[2] On August 14, 2002, Claimant filed a motion to reopen based upon a change in condition. The

1. Employer, Owens Illinois, Inc., has apparently changed its name since the inception of this litigation to Owens Brockway. We are bound, however, by the case style used by the workers' compensation court in its final order.

2. Although the order does not specify that the prescriptions ordered reimbursed were written by Dr. Duncan, the parties agree that they were.

**52**

workers' compensation court denied her motion, finding that it was barred by the statute of limitations. Claimant seeks this Court's review.

## STANDARD OF REVIEW

¶4 We normally use the any-competent-evidence standard to review the factual determinations of the workers' compensation court. *Parks v. Norman Mun. Hosp.,* 1984 OK 53, ¶2, 684 P.2d 548, 549. Because this case, however, turns on whether the workers' compensation court correctly applied a statute, we are presented with a question of law which we review *de novo. Mangrum v. Fensco, Inc.,* 1999 OK 78, ¶4, 989 P.2d 461, 462.

## DISCUSSION

¶5 Claimant's motion to reopen is subject to the limitations period set forth in 85 O.S.2001 § 43(C).[3] According to section 43(C), the limitations period begins to run from the date of the "last order." The issue to be resolved is clear: if the "miscellaneous order" entered by the workers' compensation court on September 17, 1998, qualifies as the "last order," Claimant's motion to reopen is timely. If it is not, Claimant's motion is time-barred.[4]

¶6 In *Arrow Tool & Gauge v. Mead,* 2000 OK 86, ¶18, 16 P.3d 1120, 1126, the Oklahoma Supreme Court held "an order qualifies as a 'last order' within the meaning of § 43(C) only if it substantially affects the range of monetary, medical, or rehabilitative benefits conferrable by the workers' compensation law." (Emphasis omitted.) The Court concluded that an order directing an employer to provide a vocational rehabilitation evaluation was a "last order." *Id.* at ¶19, 16 P.3d at 1126.

¶7 In *Gratzer v. Happy Foods,* 2001 OK CIV APP 44, ¶12, 24 P.3d 373, 375, *cert. denied,* another division of this Court applied

*Arrow Tool* to hold that an order directing an employer to pay a medical expense was a "last order" for the purposes of section 43(C). Claimant argues that *Gratzer* is directly on point and should control our decision here. In *Gratzer,* however, the original order of benefits did not require the employer to pay continuing medical expenses. The more recent order, therefore, substantially affected the range of benefits accorded the Claimant, by requiring reimbursement for a specific medical expense. *See also Herman Bros. v. Huffman,* 2001 OK CIV APP 61, 23 P.3d 315 (order allowing attorney to withdraw was not a "last order" for the purposes of section 43(C)).

¶8 Here, the September 17, 1998, order did not change Claimant's benefits. It merely reinforced or clarified the earlier order, which directed Employer to pay "continuing medical care … including prescriptions by [Dr. Duncan]." The order did not "substantially affect[ ] the range of … benefits conferr[ed]." *Arrow Tool,* 2000 OK 86, ¶18, 16 P.3d at 1126. Claimant's benefits were no greater or less after the September 17, 1998, order than they were before.

¶9 The September 17, 1998, order does not qualify as a "last order." Thus, the workers' compensation trial court correctly determined that Claimant's motion to reopen is time-barred.

¶10 SUSTAINED.

TAYLOR, P.J., and STUBBLEFIELD, J., concur.

---

**3.** In *Herman Bros. v. Huffman,* 2001 OK CIV APP 61, 23 P.3d 315, Judge Reif, of this Court, discussed whether 85 O.S.2001 § 43(C) is a statute of limitations or a statute of repose. While we find Judge Reif's discussion persuasive, we need not address that issue here.

**4.** Both parties assume the limitations period is 300 weeks, but do not acknowledge that 85 O.S. 2001 § 43(C) was amended in 2001 to shorten the period to 208 weeks. We need not determine here which version of section 43(C) applies, since Claimant's motion to reopen was filed only 203½ weeks after the September 17, 1998, order.