2005 OK CIV APP 64

**Danny JACKSON, Petitioner,**

v.

**CYCLO LP GAS, INC., Compsource Oklahoma, Insurance Carrier, and The Workers' Compensation Court of Oklahoma, Respondents.**

**No. 101,112.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Aug. 19, 2005.

Brandon J. Burton, T.R. Banks, Burton & Associates, P.C., Oklahoma City, OK, for Petitioner.

Margaret A. Bomhoff, Fellers, Snider, Blankenship, Bailey & Tippens, Oklahoma City, OK, for Respondents.

Opinion by BAY MITCHELL.

¶ 1 The dispositive issue in this case is whether Claimant/Petitioner Danny Jackson filed his motion to reopen his workers' compensation claim due to change in condition within the time period prescribed by 85 O.S. 2001 § 43(C). We answer that question in the affirmative, vacate the decision of the Workers' Compensation Court, and remand for further action consistent with this Opinion.

¶ 2 Claimant suffered an injury to his right leg as a result of an on-the-job accident while employed by Respondent Cyclo LP Gas, Inc.[1] On March 3, 1995, the trial court awarded Claimant temporary total disability (TTD)

benefits, finding Cyclo Gas responsible for reasonable and necessary treatment to his right leg, including diagnostic testing, under the care of Frank Wood, M.D. On November 12, 1997, the trial court awarded Claimant compensation for permanent partial disability (PPD).[2] The order required Cyclo Gas to furnish Claimant "with continuing medical care limited to medications (Daypro) to maintain the Claimant's orthopedic injuries for a period not to exceed one (1) year without further Order of the Court. Said benefit to be provided by DR. GRIFFIN."

¶ 3 The following year, approximately one month before his prescription coverage was set to expire under the November 1997 order, Claimant filed a Form 13 request for a prehearing conference seeking extension of his continuing medical compensation and authorization for related evaluation.[3] This resulted in a May 25, 1999 order directing Cyclo Gas to provide Claimant "with medication (Daypro or other form), including examination needed to provide same, by Dr. James L. Griffin until otherwise ordered by the Court."

¶ 4 Almost five years later, on April 14, 2004, Claimant filed a Form 9 motion to reopen on change of condition. Cyclo Gas moved to dismiss, arguing the applicable limitations period had expired. The trial court denied the motion to reopen, ruling Claimant filed it out of time. The court reasoned that its May 25, 1999 authorization of medical treatment was not the "last order" in the case within the meaning of 85 O.S.2001 § 43(C) because it merely served to "reinforce and continue a benefit previously conferred by the Court" and did not substantially affect the monetary, medical, or rehabilitation benefits conferred by the Workers' Compensation Act. Claimant appeals from the trial court's order denying his motion to reopen.

1. Unless otherwise indicated, all further references to Respondent Cyclo LP Gas, Inc. include its insurer, Compsource Oklahoma.

2. The November 12, 1997 order, corrected by an order *nunc pro tunc* dated November 20, 1997, found Claimant sustained an injury to his right leg only on March 17, 1994 while working for Cyclo Gas and that, as a result of said injury,

Claimant had 23% PPD to the right leg, as well as a consequential injury due to overuse syndrome resulting in 14% PPD to the left leg (over and above a pre-existing 10% PPD to the left leg).

3. Claimant first filed the Form 13 on October 14, 1998; he refiled on November 9, 1999.

¶5 Because this case turns on whether the trial court correctly applied 85 O.S.2001 § 43(C) in holding the motion to reopen time-barred, we are presented with a question of law subject to *de novo* review. *See Mangrum v. Fensco, Inc.*, 1999 OK 78, ¶4, 989 P.2d 461, 462.

¶6 "The law governing the reopening of a compensation claim upon a change of condition is that which was in effect at the time the claimant's condition underwent a change, and not the law at the time of the injury or the law in force at the time of the original award." *Arrow Tool & Gauge v. Mead*, 2000 OK 86, ¶7, 16 P.3d 1120, 1123. Thus, Claimant's April 14, 2004 motion to reopen is subject to the limitations period set forth in 85 O.S.2001 § 43(C), which provides in pertinent part:

> The jurisdiction of the Court to reopen any cause upon an application based upon a change in condition shall extend for that period of time measured by the maximum number of weeks that could be awarded for the particular scheduled member where the change of condition occurred ... and unless filed within said period of time after the date of the last order, shall be forever barred. An order denying an application to reopen a claim shall not extend the period of that time set out herein for reopening the case.

Here, the parties stipulated at trial Claimant had 275 weeks within which to file a motion to reopen. Consequently, if the original PPD order, as modified *nunc pro tunc* on November 20, 1997, was the "last order" within the meaning of § 43(C), Claimant filed his motion to reopen approximately 333 weeks later, which was out of time. If trial court's May 25,1999 authorization of medical treatment controls, the motion survives as timely filed approximately 254 weeks after the "last order" in the case.

¶7 In *Arrow Tool & Gauge v. Mead*, 2000 OK 86, ¶18, 16 P.3d 1120, 1126, the Supreme Court held "an order qualifies as 'last order' within the meaning of § 43(C) only if it substantially affects the range of monetary, medical or rehabilitative benefits conferred by the Workers' Compensation Law." Accordingly, to resolve the issue before us on appeal, we must determine whether the May 25, 1999 authorization of medical treatment substantially affected the monetary, medical, or rehabilitative benefits conferrable by the Act, thus qualifying as the last order in the case.

¶8 In *Arrow Tool*, the Supreme Court determined an order directing the employer to provide a vocational rehabilitation evaluation for claimant was the last order in the case for purposes of § 43(C), not the original PPD order.[4] In so ruling, the Oklahoma Supreme Court reasoned "[a]n order affording the claimant a vocational rehabilitation evaluation is decisive of the claimant's eligibility for vocational benefits. It is connected to the mainstream of regular compensation process by substantially affecting the monetary, medical, or rehabilitative benefits conferrable by the Act." *See also Herman Bros. v. Huffman*, 2001 OK CIV APP 61, 23 P.3d 315 (holding initial award of disability to be last order in the case for purposes of § 43(C) because subsequent order allowing attorney to withdraw did not substantially affect claimant's recovery).

¶9 In *Gratzer v. Happy Foods*, 2001 OK CIV APP 44, ¶12, 24 P.3d 373, 375, Division No. 3 of this Court applied *Arrow Tool* to hold an order directing employer to pay $500 in medical expenses was the last order in the case for the purposes of § 43(C). The original PPD order in *Gratzer* stated employer "shall pay all reasonable and necessary medical expenses incurred by claimant as a result of said injury" but, significantly, did not address post-award medical maintenance either by granting same or reserving the issue. The court reasoned "[p]ayment for medical treatment is conferrable as a benefit under 85 O.S. Supp.1998 § 14. Therefore, the trial court's order ... directing payment of $500.00 to Claimant's doctor qualifies as a 'last order' within the meaning of § 43(C), and the limitations period for filing a motion to reopen runs from that date." Because the

4. The Supreme Court declined to consider whether an order denying commutation of the original award, entered on the same day as the

order awarding a vocational rehabilitation examination, would qualify as the last order in the case.

original PPD did not address continuing medical treatment in any way, the subsequent order directing employer to reimburse claimant for a specific medical expense substantially affected the range of benefits awarded by requiring employer, for the first time, to provide claimant with continuing medical care.

¶ 10 In contrast, the order at issue in *Fleming v. Owens Illinois, Inc.*, 2003 OK CIV APP 52, 71 P.3d 51, awarded *both* additional PPD *and* "continuing medical care ... including prescriptions by [Dr. Duncan], until further order of this Court." Three years later, the trial court entered a "miscellaneous order" directing employer to reimburse claimant for certain expenses related to prescriptions written by Dr. Duncan. Claimant filed a motion to reopen four years later, which the trial court denied as time barred. On appeal, Division No. 2 of this Court held the order awarding additional PPD was the last order in the case within the meaning of § 43(C), not the subsequent miscellaneous order. The Court reasoned the miscellaneous order, in directing employer to reimburse claimant for a particular covered prescription expense, "did not change Claimant's benefits. It merely reinforced or clarified the earlier order, which directed Employer to pay 'continuing medical care ... including prescriptions by [Dr. Duncan]' " and thus did not substantially affect the range of benefits conferred by the earlier award of additional PPD. The Court distinguished the *Gratzer* decision on the grounds that the original order in *Gratzer* did not address the issue of continuing medical expenses.

¶ 11 Which brings us to the facts in the case at bar. The original PPD award, as corrected *nunc pro tunc* on November 20, 1997, required Cyclo Gas to furnish Jackson "with continuing medical care limited to medications (Daypro) to maintain the Claimant's orthopedic injuries *for a period not to exceed one (1) year without further Order of the Court.* Said benefit to be provided by DR. GRIFFIN." (Emphasis added). The May 25, 1999 order directed Cyclo Gas to provide Claimant "with medication (Daypro or other form), including examination needed to provide same, by Dr. James L. Griffin *until otherwise ordered by the Court.*" (Emphasis added).

¶ 12 Cyclo Gas argues the nature of the benefits awarded by the original PPD did not change with the May 25, 1999 order because Claimant was entitled to continued medical maintenance in the form of prescription medication prescribed by Dr. Griffin both before and after the May 25, 1999 authorization of medical treatment. Claimant disagrees, arguing that the May 25, 1999 order both extended a time-limited award that was set to expire and included an entirely new benefit, namely, requiring Cyclo Gas to provide for Jackson's examinations with Dr. Griffin.

¶ 13 We find the May 25, 1999 order substantially affected "the range of monetary, medical, or rehabilitative benefits conferrable by the workers' compensation law," *Arrow Tool*, ¶ 18, 16 P.3d at 1126, and was thus the last order in the case for purposes of § 43(C). The fact that the trial court did not expand the nature of the benefit awarded in the May 25, 1999 order in any manner other than by extending its duration is not fatal to Claimant's cause. Certainly, the range of benefits awarded under workers' compensation law includes their duration. Indeed, had the trial court not issued its May 25, 1999 authorization of medical treatment, Claimant's post-award prescription drug coverage would have terminated in November 1998 by terms of the trial court's original PPD order. The May 25, 1999 order, which continued the prescription drug coverage indefinitely, thus substantially affected the range of Claimant's medical benefits. Accordingly, it is that order, and not the original PPD, which qualifies as the last order in the case within the meaning of § 43(C) and triggered the running of the applicable limitations period. It follows that Claimant timely filed his motion to reopen in this case.

¶ 14 For these reasons, we VACATE the opinion of the trial court and REMAND for further action consistent with this opinion.

¶ 15 VACATED and REMANDED.

ADAMS, P.J., and BELL, J., concur.