2010 OK CIV APP 139

**Deborah WARD, Petitioner,**

v.

**RIVER PARKS AUTHORITY, Comp-Source Oklahoma, f/k/a State Insurance Fund, and the Workers' Compensation Court, Respondents.**

No. 108,348.

Court of Civil Appeals of Oklahoma, Division No. 1.

Oct. 29, 2010.

---

6. The treatment plan was not included in the appellate record.

Walt Brune, Northcutt, Clark, Gardner, Hron, & Brune, Ponca City, OK, and Thomas D. Boettcher, Tara A. Inhofe, Boettcher & Lobaugh, Tulsa, OK, for Petitioner.

Mark T. Hamby, Kymberly J. Watt, Bonham & Howard, P.L.L.C., Tulsa, OK, for Respondent, CompSource Oklahoma.

KENNETH L. BUETTNER, Presiding Judge.

¶ 1 In this Review Proceeding, Petitioner Deborah A. Ward challenges the Workers' Compensation Court's order denying Ward's motion to reopen on a change of condition based on expiration of the statutory time period for reopening a claim. Respondents River Parks Authority and CompSource Oklahoma (collectively, Employer) successfully argued that Ward sought to reopen more than three years after the last order substantially affecting the monetary, medical, or rehabilitative benefits conferrable and, as a result, the Workers' Compensation Court was without jurisdiction to reopen her claim. We sustain.

¶ 2 The Workers' Compensation Court originally found Ward sustained an injury in the course and scope of her employment and awarded PPD July 16, 2003.[1] The court entered several orders relating to vocational rehabilitation in 2004. In April 2005, the court found that Ward was not PTD, but a three-judge panel vacated that finding in an order filed July 26, 2005. The panel found that Ward was PTD due to the combination of her current work-related injury and pre-existing disability.

---

1. The July 16, 2003 order is not in the record, although it appears to have been designated for inclusion. The parties do not dispute that the order awarding PPD was filed that date, and the order on review indicates an order was filed that date.

¶3 The Workers' Compensation Court entered an order January 18, 2006 which directed a change of physicians for Ward, and provided that the new doctor was to provide prescription medicines and follow-up appointments, with the goal of weaning Ward from prescription drugs. The Workers' Compensation Court next entered an order August 9, 2006, which directed Employer to reimburse Ward specific amounts incurred for mileage, prescriptions, and vocational rehabilitation. An Agreed Order was filed February 12, 2008, which directed that attorney fees previously ordered in the case would be paid to Annuity Transfers, Ltd., rather than to Ward's counsel of record.

¶4 Ward filed a Form 9 December 17, 2008, in which she sought TTD, medical treatment, and an orthopedic evaluation. Although Ward did not check "motion to reopen" on her December Form 9, Employer filed a Form 10 January 6, 2009, in which it listed as defenses "deny motion to reopen; statute of limitations; res judicata." [2] Ward filed a "supplemental" Form 9 February 27, 2009, in which she asserted a motion to reopen on change of condition. Ward filed a Form 3 July 9, 2009, in which she sought compensation for a consequential injury to both knees.

¶5 Following an April 14, 2010 hearing, the trial court entered its order May 5, 2010, in which it found that the last order substantially affecting Ward's benefits was entered July 16, 2003. The court found Ward's motion to reopen was barred because it was filed more than three years after the July 16, 2003 order, pursuant to 85 O.S.2001 § 43(C). Accordingly, the court denied Ward's motion. Ward seeks review of that order.

¶6 The parties assert the facts are undisputed and the issue is one of law: whether Ward filed her motion to reopen on a change of condition within three years of the last order. We review questions of law de novo. *Arrow Tool & Gauge v. Mead,* 2000 OK 86, ¶6, 16 P.3d 1120.

¶7 The Workers' Compensation Act provides:

> The jurisdiction of the Court to reopen any cause upon an application based upon a change in condition for the worse shall extend for three (3) years from the date of the last order, and unless filed within said period of time, shall be forever barred. An order denying an application to reopen a claim shall not extend the period of the time set out herein for reopening the case.

85 O.S.Supp.2005 § 43(C).[3] Pursuant to the express language of the statute, the three-year time limit is a jurisdictional requirement and, absent jurisdiction, the Workers' Compensation Court may not act. *Lang v. Erlanger Tubular Corp.,* 2009 OK 17, n. 4, 206 P.3d 589, quoting *Pickett v. Oklahoma Dept. Of Human Servs.,* 1996 OK CIV APP 142, ¶12, 932 P.2d 543, 546. The " 'date of the last order' [is] the sole operative event that marks the beginning of that period." *Lang, supra,* at ¶14.

¶8 Because the date of the last order is of paramount importance, the ultimate question presented in this case is which order was the "last order" before Ward filed her motion to reopen. "(F)or purposes of § 43(C) a 'last order' *is only that which substantially affects the monetary, medical, or rehabilitative benefits conferrable by the workers' compensation law.*" *Arrow Tool, supra,* at ¶8 (emphasis in original).

¶9 Ward's primary argument is that the January 18, 2006 order was a "last order" for purposes of § 43(C).[4] Because her Feb-

---

2. Ward's December 2008 Form 9 indicates it was mailed to Employer with a copy of Dr. Hastings's report attached. Ward asserts that Dr. Hastings opined that Ward had sustained a change of condition for the worse.

3. "The law governing the reopening of a compensation claim upon a change in condition is that which was in effect at the time the claimant's condition underwent a change, and not the law in effect at the time of the injury or the law in force at the time of the original award." *Arrow Tool, supra,* at ¶7.

4. In her Brief in Chief, Ward also contended that the August 9, 2006 reimbursement order could qualify as the "last order" for purposes of § 43(C). She did not repeat this claim in her Reply Brief. The case on which Ward relied for this argument in her Brief in Chief is clearly distinguishable. In *Gratzer v. Happy Foods,* 2001 OK CIV APP 44, 24 P.3d 373 (*cert. denied*), the PPD order did not award continuing medical

ruary 27, 2009 supplemental Form 9, which first asserted a motion to reopen was filed more than three years after January 18, 2006, Ward contends that the February 27, 2009 Form 9 related back to her December 17, 2008 Form 9. For Ward to succeed, we must find both that the February 2009 Form 9 related back to December 2008, *and* that the January 2006 order qualified as a last order under § 43(C).

¶ 10 Employer contends that the January 18, 2006 order simply changed physicians, but did not substantially affect the monetary, medical, or rehabilitative benefits. The January 18, 2006 order provides, in pertinent part:

–1–

THAT the order of this court dated JULY 16, 2003 awarded (Ward) continuing medical maintenance at the hands of Dr. Scott Anthony.

–2–

THAT (Ward) shall continue to receive continuing medical maintenance pursuant to the order of this court dated JULY 16, 2003 at the hands of Dr. Gerald Hale. It is the desire of all parties involved herein that (Ward) be weened from narcotic medication.

–3–

THAT Dr. Gerald Hale is directed to provide (Ward) with prescription medication and follow up appointments with the understanding that (Ward's) use of narcotic medication should be reduced, where possible, with the goal being to eventually ween (Ward) from narcotic medications.

\*　　\*　　\*

–5–

THAT this continuing medical maintenance provision shall be reviewed upon application of either party.

maintenance. The Court of Civil Appeals held that a subsequent order to pay continuing medical maintenance conferred a benefit and was a "last order" under § 43(C). *Id.* at ¶ 12. In Ward's case, the parties agree that the July 2003 PPD order directed Employer to provide continuing medical maintenance, prescription medications, and vocational rehabilitation. A miscellaneous order directing payments of previously-

¶ 11 Ward relies on *Jackson v. Cyclo LP Gas, Inc.,* 2005 OK CIV APP 64, 120 P.3d 888, to support her assertion that the above award substantially affected the range of monetary, medical, or rehabilitative benefits conferrable. In *Jackson,* the original PPD award provided for medical care limited to medication provided by Dr. Griffin for one year. The order made within three years of the motion to reopen, and therefore claimed to be the last order for purposes of § 43(C), directed employer to provide medication, and examination as needed to prescribe medication, by Dr. Griffin *until otherwise ordered by the court.* The trial court found the claimant's motion to reopen was time barred. The Court of Civil Appeals vacated the order, finding that the change in length of time medical treatment was payable constituted a substantial change in the duration, or range, of benefits conferrable, so that the order was the last order under § 43(C) and the motion to reopen was timely. *Id.* at ¶ 13.

¶ 12 Although the July 2003 PPD order is not part of the record, the parties have not disputed that it awarded continuing medical maintenance and prescription medications without a time limit. The January 2006 order stated that Ward *shall continue to receive continuing medical maintenance pursuant to* the original PPD order. Accordingly, we find the January 18, 2006 order did not affect the range of benefits; it merely changed the provider of Ward's continuing medical maintenance. The reason for the change is not clear in this case. The change in doctors could simply be the result of the treating doctor's retirement, for example. Such a change clearly has no substantial affect on a claimant's benefit. Similarly, a change from narcotic to non-narcotic pain medication does not affect the range of benefits conferrable-prescription medical maintenance would continue, simply in a different formulation.

ordered benefits once they are incurred does not substantially affect the benefits conferrable. *Fleming v. Owens Illinois Inc.,* 2003 OK CIV APP 52, 71 P.3d 51. Because the August 9, 2006 order did not confer new benefits but rather directed payments for benefits previously ordered, after they were incurred, it was not a "last order" under § 43(C).

¶ 13 On *de novo* review, we find the January 18, 2006 order was not the "last order" for purposes of § 43(C). Accordingly, we need not determine if Ward's February 2009 motion to reopen related back to her December 2008 Form 9 in order to determine if the motion to reopen was made within three years of the January 18, 2006 order.[5] Whether Ward's motion to reopen was made in December 2008 or February 2009, it was made more than three years after the "last order."

¶ 14 The Workers' Compensation Court correctly held that Ward filed her motion to reopen more than three years after the "last order" substantially affecting the range of benefits conferrable. As a result, the court was without jurisdiction and necessarily denied the motion. SUSTAINED.

HETHERINGTON, J., concurs.

HANSEN, J., dissenting.

¶ 15 In my view, the January 18, 2006 order extending medical treatment is the last order. The changes made in that order do have a substantial affect on claimant's benefits. Accordingly, the statute of limitations began to run on that date. Claimant filed her application for benefits on December 17, 2008, well before the limitation period expired. I would vacate the order denying benefits to claimant based on a change of condition.

5. We agree with Ward that there is authority for the relation back doctrine to apply in workers' compensation cases, see *Shell Petroleum Corp. v. White*, 1936 OK 93, 56 P.2d 830, 176 Okla. 573. In *Shell*, the amended claim changed only the date of the claimed injury. Here, the motion to reopen asserts a new claim for benefits. And, as noted by Employer, § 43(C) is not a statute of limitations but a jurisdictional statute of repose.