OSCN Found Document:AMS STAFF LEASING INC. v. THOMPSON

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 AMS STAFF LEASING INC. v. THOMPSON
2015 OK CIV APP 15
Case Number: 111683
Decided: 02/02/2015
Mandate Issued: 03/02/2015
DIVISION IV
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION IV
Cite as: 2015 OK CIV APP 15, __ P.3d __

 

AMS STAFF LEASING INC. and DALLAS NATIONAL INSURANCE, Petitioners,
v.
DJ THOMPSON and THE WORKERS' COMPENSATION COURT, Respondents.



PROCEEDING TO REVIEW AN ORDER OF
THE WORKERS' COMPENSATION COURT

HONORABLE MICHAEL W. MCGIVERN, TRIAL JUDGE



SUSTAINED



Jeffrey D. Black, Steven E. Hanna, BONHAM & HOWARD, Oklahoma City, Oklahoma, for Petitioners
Cathy Enterline, Tulsa, Oklahoma, for Respondents




P. THOMAS THORNBRUGH, JUDGE:


¶1 Petitioners, AMS Leasing, Inc., and Dallas National Insurance (collectively, Employer), seek review of a workers' compensation court's determination that Claimant D.J. Thompson's motion to reopen was timely. For the following reasons, we sustain the workers' compensation court's decision.

BACKGROUND FACTS

¶2 Claimant injured multiple body parts in an October 26, 2006, work-related vehicle accident. Employer admitted the claim. Claimant received treatment and was released from medical care. On August 19, 2009, the workers' compensation court entered an order awarding benefits for permanent partial disability (PPD) and disfigurement, and a credit for overpayment of temporary total disability (TTD).[1]

¶3 In November 2009, Claimant filed a Form 9 "motion to set for trial" seeking commutation of a portion of his disability award to a lump sum. Following hearing and consideration of evidence regarding Claimant's "best interests" and need for the commuted award, the court granted the motion in an order filed December 23, 2009. The order commuted 25% of the PPD award to a lump sum of $20,081.25, to be paid from the "latter end" of the August 19, 2009 award.

¶4 On December 18, 2012, Claimant moved to reopen his disability claim on grounds of a change of condition for the worse. Employer sought dismissal of the reopening request, asserting that reopening was barred by the statute of limitations. The court heard argument in April 2013 and thereafter entered a "Miscellaneous Order" that denied dismissal based on the following findings:



[A]n order commuting part of the award was granted on December 23, 2009. Claimant filed to reopen their claim on December 19 [sic], 2012. This is within the three (3) year period of time prescribed in both 85 O.S. Supp[.] 2005, § 43(c) and 85 O.S. § 318(F). 

The Oklahoma Supreme Court in Arrow Tool & Gauge v. Mead, 2000 OK 86, 16 P.3d 1120, stated that the "last order" is "only that which substantially affects the range of monetary, medical or rehabilitation benefits conferrable by workers' compensation law."

The Court in Jackson v. Cyclo LP Gas, Inc., 2005 OK Civ App 64, 120 P.3d 888, stated that the "range of benefits awarded under the workers' compensation law includes their duration."

The order to commute clearly shortens the duration of benefits. The court therefore finds the last order in this matter (commutation) directly affects the range of monetary benefits. As such, it is the last order of the court to consider as to the three years limitation period. Therefore, the court finds claimant is timely in their motion to reopen and shall allow the claim to proceed on its merits when ready. (Emphasis added).



¶5 Employer filed this proceeding for review. It alleges a single, first-impression ground of error: whether the workers' compensation court's December 2009 order granting Claimant's request to commute to a lump sum a portion of his PPD award extended the statutorily established period of time within which Claimant could seek to reopen his claim.

STANDARD OF REVIEW

¶6 The parties agree that this appeal presents a question of statutory construction, an issue of law, for which the standard of review is de novo. Arrow Tool & Gauge v. Mead, 2000 OK 86, ¶ 6, 16 P.3d 1120. "A compensation tribunal's legal rulings, like those by a district court judge, are on review subject to an appellate court's plenary, independent and nondeferential reexamination." Id.; see also Multiple Inj. Trust Fund v. Pullum, 2001 OK 115, ¶ 8, 37 P.3d 899.

ANALYSIS

Preliminary Matters

¶7 Prior to assigning this matter to the Court of Civil Appeals, the Supreme Court issued a show cause order questioning the reviewability of the lower court's "Miscellaneous Order" that allowed the claim to proceed to consideration on the merits. Employer's response argued that recent changes in the law should permit review, and that the parties should not be required to go through the time and expense of litigating whether a changed condition exists if reopening is barred as a matter of law. The Supreme Court subsequently entered an order finding that Employer's response to the show cause order satisfied the Court's jurisdictional inquiry, and allowed this proceeding to go forward. This Court is bound by the Supreme Court's pre-assignment ruling. LCR, Inc. v. Linwood Props., 1996 OK 73, ¶¶ 4-6, 918 P.2d 1388; see also U.S. Fid. & Guar. Co. v. State ex rel. Okla. Tax Comm'n, 2002 OK 42, ¶¶ 8-9, 54 P.3d 1010.

Applicable Law 

¶8 On the date of the workers' compensation court's initial PPD order (August 2009), Oklahoma law governing the time to reopen a claim for change of condition, 85 O.S. Supp. 2005 § 43(C), was the same as it was on the date of Claimant's injury. Section 43(C) stated:



The jurisdiction of the Court to reopen any cause upon an application based upon a change in condition for the worse shall extend for three (3) years from the date of the last order, and unless filed within said period of time, shall be forever barred. An order denying an application to reopen a claim shall not extend the period of the time set out herein for reopening the case. (Emphasis added).



¶9 Two years later, in August 2011, the Oklahoma Legislature repealed § 43(C) and enacted the Workers' Compensation Code. When Claimant filed his motion to reopen in December 2012, the reopening provision was found at 85 O.S.2011 § 318(F)(eff. Aug. 26, 2011; repealed eff. Feb. 1, 2014), and stated:



The jurisdiction of the Court to reopen any cause upon an application based upon change in condition for the worse shall extend for three (3) years from the date of the last order in which monetary benefits or active medical treatment was provided, and unless filed within such period of time, shall be forever barred. An order denying an application to reopen a claim shall not extend the period of the time set out in this act for reopening the case. A failure to comply with a medical treatment plan ordered by the Court shall bar reopening of a claim. This subsection shall be considered to be substantive in nature. (Emphasis added).



¶10 The law governing a claimant's request to reopen based on an alleged change in condition is the law that "was in effect at the time the claimant's condition underwent a change, and not the law in effect at the time of the injury or the law in force at the time of the original award." Arrow Tool & Gauge, 2000 OK 86 at ¶ 7. The Supreme Court also has recognized "the continued relevance of the date of change of condition and the need for a specific on-the-record finding as to that date." Lang v. Erlanger Tubular Corp., 2009 OK 17, ¶ 16, 206 P.3d 589.

¶11 Here, it is undisputed that the date of Claimant's changed condition has never been adjudicated. It also is clear that the statutes relevant to the timeliness of Claimant's reopening request have changed. In addition, in their appellate briefs, Employer and Claimant do not agree as to which statutory version in fact applies to Claimant's reopening request.

¶12 Even so, in its brief on appeal Employer argues that, regardless of the difference in the exact wording of §§ 43(C) and 318(F), the intent and meaning of both statutes has not changed in terms of what constitutes a "last order," and that a "last order" under these statutes remains the same as was set forth by the Oklahoma Supreme Court in Arrow Tool & Gauge v. Mead.[2] There, the Court held that "only if [an order] substantially affects the range of monetary, medical, or rehabilitative benefits conferrable by the workers' compensation law," will it qualify as a "last order" for purposes of reopening a claim for change of condition. Id. ¶ 18 (footnote omitted). Claimant does not dispute Employer on this point, and this also essentially was the finding of the workers' compensation court in its determination that Claimant's filing was timely under the limits "prescribed in both 85 O.S. Supp[.] 2005, § 43(c) and 85 O.S. § 318(F)." We therefore rely on Arrow here in determining whether Claimant's request to reopen was timely.[3]

The Timeliness of Claimant's Reopening Request

¶13 In Arrow, the Court held that an order requiring vocational rehabilitation evaluation[4] qualified as a "last order" and preserved a claimant's reopening request. 2000 OK 86, ¶¶ 19-21. In reaching its conclusion, the Court reasoned that vocational rehabilitation services were in fact "conferrable as a benefit" under 85 O.S. § 16 and "decisive of the claimant's eligibility" for evaluation by qualified professionals for services that might restore a worker to gainful employment. Such an order was "connected to the mainstream of regular compensation process," the Court said, by "substantially affecting the monetary, medical, or rehabilitative benefits conferrable" by the workers' compensation statutes, and therefore "passe[d] muster" as a "trigger for the § 43C time-bar." Id. ¶ 20.

¶14 The Arrow Court further held that an order's "fitness" as a "last order" also depends on "its consistency with the criteria which generally govern reviewability of compensation orders"; in other words, that the order possess qualities consistent with "reviewable" orders under the compensation law. Id. ¶ 21. Further to this point, the Court stated:



An order that is reviewable must be one which either grants or denies an award of compensation or otherwise constitutes a final determination of the rights between the parties. Many decisions other than those affecting permanent disability are deemed reviewable. For example, an order that directs an employer (or his insurance carrier) to pay all reasonable and necessary medical expenses is regarded as reviewable. This is so because medical treatment is an allowance in the nature of compensation. Implicit in this teaching is the notion that orders for benefits other than those of a purely monetary character may be treated as the functional equivalent of an award.



Id. The Court characterized the vocational rehabilitation order, which was reviewable, as being within "the very same category as one for monetary or medical benefits." The order thus could be "accorded equal deference" as such an order, and relied upon as a "time-bar trigger in reopening proceedings." Id.

¶15 With the exception of Lang v. Erlanger Tubular Corp., 2009 OK 17, 206 P.3d 589 (holding the three-year bar of § 43(C) was not subject to tolling by an employer's provision of medical treatment), the Supreme Court has not again addressed whether a specific order qualifies as a "last order" from which the three-year reopening period would run. The Court of Civil Appeals has addressed specific orders as such in several cases, however, including Jackson v. Cyclo LP Gas, Inc., 2005 OK CIV APP 64, 120 P.3d 888, cited by the workers' compensation court in the instant case.

¶16 In Jackson, the Court held that an order extending a claimant's medical and medication benefits, entered after a previous similar order expired, qualified as a "last order" even though it did not expand the nature of the benefit awarded other than to extend its duration. Holding that "the range of benefits awarded under workers' compensation law includes their duration," the Court found that the order in question continued prescription drug coverage indefinitely and thus "substantially affected the range of Claimant's medical benefits." Id. ¶ 13.

¶17 Similarly, in Gratzer v. Happy Foods, 2001 OK CIV APP 44, ¶ 12, 24 P.3d 373, COCA held that an order directing payment of $500.00 to the claimant's doctor, entered several years after an initial PPD award that did not include medical maintenance, qualified as a "last order" that rendered the claimant's request to reopen timely. The Court found that payment for medical treatment was "conferrable as a benefit" under workers' compensation law, and the order thus met the standard set forth in Arrow, so that the limitations period to seek reopening ran from the date the order was filed. Id.

¶18 Cases reaching a contrary result and denying "last order" status, so as to bar reopening, include Ward v. River Parks Auth., 2010 OK CIV APP 139, 244 P.3d 796 (order allowing change of treating physicians did not qualify as "last order"; reopening barred); Shapiro v. City Beverage Co., 2010 OK CIV APP 88, 240 P.3d 719 (order finding a change in condition to claimant's lower back did not qualify as a "last order" as to claimant's neck injury; motion to reopen as to neck injury was untimely); Fleming v. Owens Illinois Inc., 2003 OK CIV APP 52, ¶ 8, 71 P.3d 51 (order requiring employer to reimburse claimant for medical expenses, which followed an order directing the employer to pay for medical care, was not a "last order" because it "did not change Claimant's benefits" but "merely reinforced or clarified" the earlier order; reopening therefore barred); and Herman Bros. v. Huffman, 2001 OK CIV APP 61, 23 P.3d 315 (order allowing an attorney's request to withdraw did not qualify as a "last order," so that reopening was barred). In each of the latter cases, denying "last order" therefore appears to turn on the fact that the order in question neither added a new benefit nor effected a change to an existing benefit.

¶19 Reviewing the facts of the instant action in light of Arrow and the COCA opinions that have followed it leads us to the same conclusion as the workers' compensation court. A decision to commute periodic payments to a lump sum is one that fundamentally changes, and thus substantially affects, both the range and the nature of monetary benefits conferrable by workers' compensation law. Pursuant to both the Workers' Compensation Act, 85 O.S.2001 § 41(A), and the Workers' Compensation Code, 85 O.S.2011 § 345, "[a]ll awards shall be paid by periodic installments," with commutation of a PPD award authorized only "for good cause shown" and "by permission of the Court."

¶20 The Supreme Court has long recognized that commutation to a lump sum constitutes a change in the rights or status of the parties. See, e.g., Derr v. Weaver, 1935 OK 1223, ¶ 9, 47 P.2d 573 ("The power to make changes in the method of payment is not unlimited, nor can it be exercised arbitrarily"). Indeed, the Court has held that a commutation order entered without notice and a hearing as to the need for such an order may be void because it violates due process. See id. (Syllabus by the Court); see also Independent Sch. Dist. No. 1 of Tulsa Cnty. v. Albus, 1977 OK 241, ¶¶ 22-33, 572 P.2d 554. These cases also demonstrate that commutation orders meet the Arrow criteria of reviewability. Commuting of periodic installments to a lump-sum effectively confers a new monetary award, and "substantially affects the monetary benefits conferrable" by the workers' compensation laws.

¶21 We further note that in this case, Claimant's evidence submitted in support of, and attached to, the December 2009 commutation order indicates Claimant's proposal to purchase a laptop computer with associated printer and software, "for vocational training," with a portion of the lump-sum proceeds. Thus, to the extent that the lump-sum award may be used for a claimant's further education or vocation, the order would affect the claimant's rehabilitative benefits, as well.

¶22 Employer's description of commutation orders as a mere "clarification" of an initial PPD award allowed mainly for "humanitarian" purposes understates the fundamental nature of the change effected by a commutation order. The argument also fails to recognize that even an order made for a "humanitarian" purpose may nonetheless "substantially affect" the medical, monetary, or rehabilitative benefits conferrable by the law. We reject Employer's argument, and find instead that the workers' compensation court's December 2009 "last order" triggered the running of the three-year period within which Claimant could seek reopening. His request to reopen, therefore, was timely filed.

CONCLUSION

¶23 The workers' compensation court's order of December 23, 2009, qualifies as a "last order" that triggered the running of the three-year statutory period within which Claimant's request to reopen his claim could be filed. Accordingly, the workers' compensation court's order is sustained.


¶24 SUSTAINED.



RAPP, P.J., and BARNES, J., concur.



FOOTNOTES


[1] The order found Claimant sustained injury to his cervical spine, thoracic spine, right shoulder, right hand, right leg, and right foot, as well as disfigurement to multiple body parts. He underwent several surgeries requiring insertion of hardware, developed an infection while hospitalized requiring debridement surgery, and required both physical therapy and home exercise. The court found 25% PPD to Claimant's right foot; 25% PPD to his right hand (wrist); 30% PPD to his right shoulder; 6% PPD to his cervical spine; 2% PPD to his thoracic spine; and 30% PPD to the right leg (knee). It further found Claimant was entitled to PPD for 382.5 weeks at $210 per week, with a total award (including disfigurement) of $82,325, of which 16 weeks had accrued to be paid in a lump sum of $3,360; and that Employer was entitled to $756 in overpayment of TTD benefits. In September 2009, the court entered a nunc pro tunc order correcting its August 2009 order, and also ordered Claimant to undergo a vocational rehabilitation evaluation, the results of which are not included in the record.



[2] In Lang, the Court considered the matter despite the fact that no date of change of condition appeared in the record, and relied instead on Claimant's argument in his brief as to what law applied. See 2009 OK 17 at ¶ 16. A similar situation is presented in the case before us. 



[3] We also note that any attempt by this Court to construe § 43 and § 318 separately would be pointless: If we disagreed with Employer and determined instead that a substantive difference existed between the two provisions, our next step would be to return the matter to the workers' compensation court for a finding as to the date of Claimant's changed condition. The latter result is not possible due to the Supreme Court's pre-assignment ruling that allowed this case to go forward, in apparent reliance on Employer's argument, in its show cause response, that the parties should not be required to go through the trouble and expense of litigating whether a changed condition exists before a ruling is made as to whether reopening is barred by time.



[4] The Court in Arrow noted that the workers' compensation court in that case had also entered an order denying commutation of the claimant's award on the same day it entered the vocational rehabilitation order. In a footnote to its opinion, however, the Court stated that, because it found the vocational rehabilitation order qualified as a "last order" under § 43(C), it was "unnecessary to reach for consideration whether the order denying commutation of the original award would also qualify." 2000 OK 86, n.33.










 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2001 OK CIV APP 44, 24 P.3d 373, 72 OBJ 1307, GRATZER v. HAPPY FOODS
Discussed
 2001 OK CIV APP 61, 23 P.3d 315, 72 OBJ 1622, HERMAN BROTHERS v. HUFFMAN
Discussed
 2003 OK CIV APP 52, 71 P.3d 51, FLEMING v. OWENS ILLINOIS INC.
Discussed
 2005 OK CIV APP 64, 120 P.3d 888, JACKSON v. CYCLO LP GAS, INC.
Discussed at Length
 2010 OK CIV APP 88, 240 P.3d 719, SHAPIRO v. CITY BEVERAGE CO. LLC
Discussed
 2010 OK CIV APP 139, 244 P.3d 796, WARD v. RIVER PARKS AUTHORITY
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 2000 OK 86, 16 P.3d 1120, 71 OBJ 2896, ARROW TOOL & GAUGE v. MEAD
Discussed at Length
 2001 OK 115, 37 P.3d 899, 72 OBJ 3695, MULTIPLE INJ. TRUST FUND v. PULLUM
Discussed
 2002 OK 42, 54 P.3d 1010, UNITED STATES FIDELITY & GUARANTY CO. v. STATE EX. REL. OKLAHOMA TAX COMMISSION
Discussed
 1935 OK 1223, 47 P.2d 573, 173 Okl. 140, DERR v. WEAVER
Discussed
 1996 OK 73, 918 P.2d 1388, 67 OBJ 2060, LCR, Inc. v. Linwood Properties
Discussed
 2009 OK 17, 206 P.3d 589, LANG v. ERLANGER TUBULAR CORP.
Discussed at Length
 1977 OK 241, 572 P.2d 554, IND. SCH. DIST. NO. 1 OF TULSA CTY. v. ALBUS
Discussed
Title 85. Workers' Compensation
 Cite
Name
Level

 85 O.S. 318, Repealed by Laws 2013, SB 1062, c. 208, § 171, eff. February 1, 2014
Discussed at Length
 85 O.S. 345, Repealed by Laws 2013, SB 1062, c. 208, § 171, eff. February 1, 2014
Cited
 85 O.S. 16, Repealed by Laws 2011, SB 878, c. 318, § 87
Cited
 85 O.S. 41, Repealed by Laws 2011, SB 878, c. 318, § 87
Cited
 85 O.S. 43, Repealed by Laws 2011, SB 878, c. 318, § 87
Discussed at Length