2010 OK CIV APP 88

**Mark SHAPIRO, Petitioner,**

v.

**CITY BEVERAGE CO. LLC, CNA Insurance Group, and the Workers' Compensation Court, Respondents.**

No. 107,784.

Court of Civil Appeals of Oklahoma, Division No. 2.

Aug. 10, 2010.

David A. Christoffel, The Law Offices of Daniel M. Davis, Oklahoma City, OK, for Petitioner.

Angela Reinstein, Pierce Couch Hendrickson Baysinger & Green, LLP, Oklahoma City, OK, for Respondents.

JANE P. WISEMAN, Chief Judge.

¶ 1 Claimant, Mark Shapiro, seeks review of an order of a three-judge panel of the Workers' Compensation Court affirming the decision of the trial court finding that his motion to reopen was barred by the statute of limitations. After review of the record and pertinent law, we find the trial court correctly held that Claimant's motion to reopen his neck claim was untimely. Accordingly, we sustain the order of the three-judge panel of the Workers' Compensation Court, which affirmed the decision of the trial court.

## FACTS AND PROCEDURAL BACKGROUND

¶2 The time line of relevant events that transpired over the past several years is as follows:

- May 9, 2000: Claimant filed a Form 3 alleging a cumulative trauma to the neck and back with a date of last exposure of March 8, 2000.
- November 13, 2000: the trial court determined Claimant sustained a cumulative trauma injury to the neck and low back with a date of last exposure of March 8, 2000. This decision was later affirmed by an order of a three-judge panel filed February 22, 2001.
- April 24, 2002: the trial court found Claimant sustained 20% permanent partial disability to his low back and 20% permanent partial disability to his neck.
- August 7, 2003: the trial court ordered City Beverage Co. LLC (Employer) to provide Claimant with vocational rehabilitation "as outlined in Option A as identified in the report of LDH CONSULTANTS."
- July 25, 2006: Claimant filed a motion to reopen the back injury claim based on a change of condition for the worse.
- February 20, 2007: the trial court found Claimant had "sustained a physical change of condition for the worse to the LOW BACK" and awarded Claimant medical treatment. This decision was later affirmed by an order of a three-judge panel filed on May 24, 2007.
- January 16, 2008: the trial court ordered Claimant to submit to a medical examination to determine whether the "need for Cymbalta is related to back injury and reasonable and necessary."
- May 27, 2009: Claimant filed a motion to reopen the neck injury claim based on a change of condition for the worse.
- July 30, 2009: the trial court appointed an independent medical examiner and ordered Claimant to undergo a medical examination.

¶3 In an order filed August 25, 2009, the trial court denied Claimant's motion to reopen the neck claim finding Claimant's motion to be untimely pursuant to the three-year statute of limitations set forth under 85 O.S. Supp.2009 § 43(C). The trial court found that because Claimant's previous motion to reopen only addressed the back injury and not the neck injury, the statute of limitations as to Claimant's neck injury was not tolled. Because the last order addressing Claimant's neck injury was filed August 7, 2003, the trial court found Claimant's motion to reopen the neck injury fell outside the three-year statute of limitations.

¶4 Claimant appealed the trial court's decision to a three-judge panel, which affirmed the trial court's decision. Claimant now seeks review in this Court.

## STANDARD OF REVIEW

¶5 The issue presented is whether the Workers' Compensation Court correctly applied 85 O.S. Supp.2009 § 43(C). This is a question of law that we review *de novo*. *K–Mart Corp. v. Herring*, 2008 OK 75, ¶2, 188 P.3d 140, 143.

## ANALYSIS

¶6 Title 85 O.S. Supp.2009 § 43(C) sets out the statute of limitations for a motion to reopen for a change in condition for the worse:

> The jurisdiction of the Court to reopen any cause upon an application based upon a change in condition for the worse shall extend for three (3) years from the date of the last order, and unless filed within said period of time, shall be forever barred. An order denying an application to reopen a claim shall not extend the period of the time set out herein for reopening the case.

In *Arrow Tool & Gauge v. Mead*, 2000 OK 86, 16 P.3d 1120, the Oklahoma Supreme Court interpreted the words "last order" as used in § 43(C). The Supreme Court held that an order only qualifies as a "last order" under § 43(C) *"if it substantially affects the range of monetary, medical, or rehabilitative benefits conferrable by the workers' compensation law." Id.* at ¶18, 16 P.3d at 1126. The *Arrow* Court held that an order for a

vocational rehabilitation evaluation qualifies as a last order. *Id.* at ¶ 22, 16 P.3d at 1127.

¶ 7 Claimant asserts that according to *Arrow*, the "last order" in this case could be (1) the February 20, 2007, order finding Claimant had sustained a change of condition for the worse to the low back which was later affirmed in an order by a three-judge panel filed May 24, 2007; (2) the January 16, 2008, order ordering Claimant to submit to a medical examination to determine whether the "need for Cymbalta is related to back injury and reasonable and necessary;" or (3) the July 30, 2009, order appointing an independent medical examiner to evaluate Claimant and finding: "IT IS FURTHER ORDERED that as a result of an alleged injury to the BACK received on or about MARCH 8, 2000, JOHN S. MAROUK, D.O. shall submit a verified or declared written narrative report containing findings and opinions" as to whether the treating physician's report dated June 8, 2009, is supported by objective medical evidence.[1]

¶ 8 Claimant contends the February 20, 2007, order "is an order which conferred medical rights to [Claimant] under the Act." Claimant then asserts that any of the above-mentioned orders would be sufficient pursuant to the holding in *Arrow* to allow him to reopen the case for additional medical treatment to the neck.

¶ 9 Employer responds that the last order relating to Claimant's neck injury is the order allowing vocational benefits entered on August 7, 2003. Because Claimant's motion to reopen the neck claim for change of condition was not filed until May 27, 2009, Employer contends Claimant's request was clearly barred by § 43(C) and its three-year statute of limitations.

¶ 10 Although we agree the February 20, 2007, order finding a change of condition to the back substantially affects medical benefits, it only substantially affected benefits related to Claimant's back. The other orders mentioned above dated May 24, 2007, January 16, 2008, and July 30, 2009, likewise only related to Claimant's back injury.

¶ 11 The Oklahoma Supreme Court has emphasized:

> The primary goal of statutory construction is to ascertain and follow the intention of the Legislature. If a statute is plain and unambiguous and its meaning clear and no occasion exists for the application of rules of construction a statute will be accorded the meaning expressed by the language used.

*Lang v. Erlanger Tubular Corp.*, 2009 OK 17, ¶ 8, 206 P.3d 589, 591 (quoting *Wylie v. Chesser*, 2007 OK 81, ¶ 19, 173 P.3d 64, 71).

¶ 12 We find the order filed on August 7, 2003, is the "last order" within the meaning of § 43(C) because it is the last order addressing issues related to Claimant's neck injury. To accept Claimant's interpretation would render the three-year statute of limitations for reopening a claim on change of condition virtually meaningless. As Employer points out in its appellate brief:

> For example, if there were a case where the claimant alleged injury to the neck, back, both shoulders, both legs and both feet and timely filed to reopen the back within three years and then within three years of that reopen, filed to reopen the neck, and within three years of that, filed to reopen the shoulders, etc., the matter could go on indefinitely.

¶ 13 Our finding today gives effect to the Legislature's intent to place a three-year statutory limit on a claimant's ability to reopen a claim based on a change of condition. Because the motion to reopen the neck injury was not filed until May 27, 2009, we find the trial court correctly concluded that Claimant's motion to reopen the neck claim is time-barred.

## CONCLUSION

¶ 14 The trial court properly concluded that Claimant's motion is barred by the statute of limitations. The three-judge panel correctly affirmed the trial court's decision.

---

1. We note that Claimant also states in the conclusion of his appellate brief that the order of "3–18–08" could also be considered the "last order." However, we find no order with this date in the appellate record.

Finding no reversible error, we sustain the decision of the three-judge panel.

¶ 15 SUSTAINED.

FISCHER, P.J., and BARNES, J., concur.