OSCN Found Document:AMS STAFF LEASING INC. v. THOMPSON

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 AMS STAFF LEASING INC. v. THOMPSON
2015 OK CIV APP 15
344 P.3d 1105
Case Number: 111683
Decided: 02/02/2015
Mandate Issued: 03/02/2015
DIVISION IV
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION IV
Cite as: 2015 OK CIV APP 15, 344 P.3d 1105

 

AMS STAFF LEASING INC. and DALLAS NATIONAL INSURANCE, 
Petitioners,
v.
DJ THOMPSON and THE WORKERS' COMPENSATION COURT, 
Respondents.

PROCEEDING TO REVIEW AN ORDER OF
THE WORKERS' COMPENSATION 
COURT
HONORABLE MICHAEL W. MCGIVERN, TRIAL JUDGE

SUSTAINED

Jeffrey D. Black, Steven E. Hanna, BONHAM & HOWARD, Oklahoma City, 
Oklahoma, for Petitioners
Cathy Enterline, Tulsa, Oklahoma, for 
Respondents


P. THOMAS THORNBRUGH, JUDGE:
¶1 Petitioners, AMS Leasing, Inc., and Dallas National Insurance 
(collectively, Employer), seek review of a workers' compensation court's 
determination that Claimant D.J. Thompson's motion to reopen was timely. For the 
following reasons, we sustain the workers' compensation court's decision.
BACKGROUND FACTS
¶2 Claimant injured multiple body parts in an October 26, 2006, work-related 
vehicle accident. Employer admitted the claim. Claimant received treatment and 
was released from medical care. On August 19, 2009, the workers' compensation 
court entered an order awarding benefits for permanent partial disability (PPD) 
and disfigurement, and a credit for overpayment of temporary total disability 
(TTD).[1]
¶3 In November 2009, Claimant filed a Form 9 "motion to set for trial" 
seeking commutation of a portion of his disability award to a lump sum. 
Following hearing and consideration of evidence regarding Claimant's "best 
interests" and need for the commuted award, the court granted the motion in an 
order filed December 23, 2009. The order commuted 25% of the PPD award to a lump 
sum of $20,081.25, to be paid from the "latter end" of the August 19, 2009 
award.
¶4 On December 18, 2012, Claimant moved to reopen his disability claim on 
grounds of a change of condition for the worse. Employer sought dismissal of the 
reopening request, asserting that reopening was barred by the statute of 
limitations. The court heard argument in April 2013 and thereafter entered a 
"Miscellaneous Order" that denied dismissal based on the following findings:

 
 [A]n order commuting part of the award was granted on December 23, 2009. 
 Claimant filed to reopen their claim on December 19 [sic], 2012. This is 
 within the three (3) year period of time prescribed in both 85 O.S. Supp[.] 2005, § 43(c) 
 and 85 O.S. § 318(F). 
 
 The Oklahoma Supreme Court in Arrow Tool & Gauge v. Mead, 2000 OK 86, 16 P.3d 1120, stated that the "last 
 order" is "only that which substantially affects the range of monetary, 
 medical or rehabilitation benefits conferrable by workers' compensation 
 law."
 The Court in Jackson v. Cyclo LP Gas, Inc., 2005 OK Civ App 64, 120 P.3d 888, stated that the 
 "range of benefits awarded under the workers' compensation law includes 
 their duration."
 The order to commute clearly shortens the duration of benefits. The court 
 therefore finds the last order in this matter (commutation) directly affects 
 the range of monetary benefits. As such, it is the last order of the court 
 to consider as to the three years limitation period. Therefore, the court 
 finds claimant is timely in their motion to reopen and shall allow the claim 
 to proceed on its merits when ready. (Emphasis 
added).
¶5 Employer filed this proceeding for review. It alleges a single, 
first-impression ground of error: whether the workers' compensation court's 
December 2009 order granting Claimant's request to commute to a lump sum a 
portion of his PPD award extended the statutorily established period of time 
within which Claimant could seek to reopen his claim.
STANDARD OF REVIEW
¶6 The parties agree that this appeal presents a question of statutory 
construction, an issue of law, for which the standard of review is de 
novo. Arrow Tool & Gauge v. Mead, 2000 OK 86, ¶ 6, 16 P.3d 1120. "A compensation 
tribunal's legal rulings, like those by a district court judge, are on 
review subject to an appellate court's plenary, independent and nondeferential 
reexamination." Id.; see also Multiple Inj. Trust Fund v. Pullum, 
2001 OK 115, ¶ 8, 37 P.3d 899.
ANALYSIS
Preliminary Matters
¶7 Prior to assigning this matter to the Court of Civil Appeals, the Supreme 
Court issued a show cause order questioning the reviewability of the lower 
court's "Miscellaneous Order" that allowed the claim to proceed to consideration 
on the merits. Employer's response argued that recent changes in the law should 
permit review, and that the parties should not be required to go through the 
time and expense of litigating whether a changed condition exists if reopening 
is barred as a matter of law. The Supreme Court subsequently entered an order 
finding that Employer's response to the show cause order satisfied the Court's 
jurisdictional inquiry, and allowed this proceeding to go forward. This Court is 
bound by the Supreme Court's pre-assignment ruling. LCR, Inc. v. Linwood 
Props., 1996 OK 73, ¶¶ 4-6, 918 P.2d 1388; see also U.S. Fid. 
& Guar. Co. v. State ex rel. Okla. Tax Comm'n, 2002 OK 42, ¶¶ 8-9, 54 P.3d 1010.
Applicable Law 
¶8 On the date of the workers' compensation court's initial PPD order (August 
2009), Oklahoma law governing the time to reopen a claim for change of 
condition, 85 O.S. Supp. 2005 § 
43(C), was the same as it was on the date of Claimant's injury. Section 
43(C) stated:

 
 The jurisdiction of the Court to reopen any cause upon an application 
 based upon a change in condition for the worse shall extend for three (3) 
 years from the date of the last order, and unless filed within said 
 period of time, shall be forever barred. An order denying an application to 
 reopen a claim shall not extend the period of the time set out herein for 
 reopening the case. (Emphasis added).
¶9 Two years later, in August 2011, the Oklahoma Legislature repealed § 43(C) 
and enacted the Workers' Compensation Code. When Claimant filed his motion to 
reopen in December 2012, the reopening provision was found at 85 O.S.2011 § 318(F)(eff. Aug. 26, 
2011; repealed eff. Feb. 1, 2014), and stated:

 
 The jurisdiction of the Court to reopen any cause upon an application 
 based upon change in condition for the worse shall extend for three (3) 
 years from the date of the last order in which monetary benefits or active 
 medical treatment was provided, and unless filed within such period of 
 time, shall be forever barred. An order denying an application to reopen a 
 claim shall not extend the period of the time set out in this act for 
 reopening the case. A failure to comply with a medical treatment plan 
 ordered by the Court shall bar reopening of a claim. This subsection shall 
 be considered to be substantive in nature. (Emphasis 
added).
¶10 The law governing a claimant's request to reopen based on an alleged 
change in condition is the law that "was in effect at the time the claimant's 
condition underwent a change, and not the law in effect at the time of the 
injury or the law in force at the time of the original award." Arrow Tool 
& Gauge, 2000 OK 86 at ¶ 7. 
The Supreme Court also has recognized "the continued relevance of the date of 
change of condition and the need for a specific on-the-record finding as to that 
date." Lang v. Erlanger Tubular Corp., 2009 OK 17, ¶ 16, 206 P.3d 589.
¶11 Here, it is undisputed that the date of Claimant's changed condition has 
never been adjudicated. It also is clear that the statutes relevant to the 
timeliness of Claimant's reopening request have changed. In addition, in their 
appellate briefs, Employer and Claimant do not agree as to which statutory 
version in fact applies to Claimant's reopening request.
¶12 Even so, in its brief on appeal Employer argues that, regardless of the 
difference in the exact wording of §§ 43(C) and 318(F), the intent and meaning 
of both statutes has not changed in terms of what constitutes a "last order," 
and that a "last order" under these statutes remains the same as was set forth 
by the Oklahoma Supreme Court in Arrow Tool & Gauge v. Mead.[2] There, the 
Court held that "only if [an order] substantially affects the range of 
monetary, medical, or rehabilitative benefits conferrable by the workers' 
compensation law," will it qualify as a "last order" for purposes of 
reopening a claim for change of condition. Id. ¶ 18 (footnote omitted). 
Claimant does not dispute Employer on this point, and this also essentially was 
the finding of the workers' compensation court in its determination that 
Claimant's filing was timely under the limits "prescribed in both 85 O.S. Supp[.] 2005, § 43(c) and 85 O.S. § 318(F)." We 
therefore rely on Arrow here in determining whether Claimant's request to 
reopen was timely.[3]
The Timeliness of Claimant's Reopening Request
¶13 In Arrow, the Court held that an order requiring vocational 
rehabilitation evaluation[4] qualified as a "last order" and preserved a 
claimant's reopening request. 2000 OK 
86, ¶¶ 19-21. In reaching its conclusion, the Court reasoned that vocational 
rehabilitation services were in fact "conferrable as a benefit" under 85 O.S. § 16 and "decisive of the 
claimant's eligibility" for evaluation by qualified professionals for services 
that might restore a worker to gainful employment. Such an order was "connected 
to the mainstream of regular compensation process," the Court said, by 
"substantially affecting the monetary, medical, or rehabilitative benefits 
conferrable" by the workers' compensation statutes, and therefore "passe[d] 
muster" as a "trigger for the § 43C time-bar." Id. ¶ 20.
¶14 The Arrow Court further held that an order's "fitness" as a "last 
order" also depends on "its consistency with the criteria which generally govern 
reviewability of compensation orders"; in other words, that the order possess 
qualities consistent with "reviewable" orders under the compensation law. Id. 
¶ 21. Further to this point, the Court stated:

 
 An order that is reviewable must be one which either grants or denies 
 an award of compensation or otherwise constitutes a final determination of 
 the rights between the parties. Many decisions other than those 
 affecting permanent disability are deemed reviewable. For example, an order 
 that directs an employer (or his insurance carrier) to pay all reasonable 
 and necessary medical expenses is regarded as reviewable. This is so because 
 medical treatment is an allowance in the nature of compensation. 
 Implicit in this teaching is the notion that orders for benefits other than 
 those of a purely monetary character may be treated as the functional 
 equivalent of an award.
Id. The Court characterized the vocational rehabilitation order, which 
was reviewable, as being within "the very same category as one for monetary or 
medical benefits." The order thus could be "accorded equal deference" as such an 
order, and relied upon as a "time-bar trigger in reopening proceedings." 
Id.
¶15 With the exception of Lang v. Erlanger Tubular Corp., 2009 OK 17, 206 P.3d 589 (holding the 
three-year bar of § 43(C) was not subject to tolling by an employer's provision 
of medical treatment), the Supreme Court has not again addressed whether a 
specific order qualifies as a "last order" from which the three-year reopening 
period would run. The Court of Civil Appeals has addressed specific orders as 
such in several cases, however, including Jackson v. Cyclo LP Gas, Inc., 
2005 OK CIV APP 64, 120 P.3d 888, cited by the workers' 
compensation court in the instant case.
¶16 In Jackson, the Court held that an order extending a claimant's 
medical and medication benefits, entered after a previous similar order expired, 
qualified as a "last order" even though it did not expand the nature of the 
benefit awarded other than to extend its duration. Holding that "the range of 
benefits awarded under workers' compensation law includes their duration," the 
Court found that the order in question continued prescription drug coverage 
indefinitely and thus "substantially affected the range of Claimant's medical 
benefits." Id. ¶ 13.
¶17 Similarly, in Gratzer v. Happy Foods, 2001 OK CIV APP 44, ¶ 12, 24 P.3d 373, COCA held that an 
order directing payment of $500.00 to the claimant's doctor, entered several 
years after an initial PPD award that did not include medical maintenance, 
qualified as a "last order" that rendered the claimant's request to reopen 
timely. The Court found that payment for medical treatment was "conferrable as a 
benefit" under workers' compensation law, and the order thus met the standard 
set forth in Arrow, so that the limitations period to seek reopening ran 
from the date the order was filed. Id.
¶18 Cases reaching a contrary result and denying "last order" status, so as 
to bar reopening, include Ward v. River Parks Auth., 2010 OK CIV APP 139, 244 P.3d 796 (order allowing change 
of treating physicians did not qualify as "last order"; reopening barred); 
Shapiro v. City Beverage Co., 2010 OK CIV APP 88, 240 P.3d 719 (order finding a 
change in condition to claimant's lower back did not qualify as a "last order" 
as to claimant's neck injury; motion to reopen as to neck injury was untimely); 
Fleming v. Owens Illinois Inc., 2003 OK CIV APP 52, ¶ 8, 71 P.3d 51 (order requiring 
employer to reimburse claimant for medical expenses, which followed an order 
directing the employer to pay for medical care, was not a "last order" because 
it "did not change Claimant's benefits" but "merely reinforced or clarified" the 
earlier order; reopening therefore barred); and Herman Bros. v. Huffman, 
2001 OK CIV APP 61, 23 P.3d 315 (order allowing an 
attorney's request to withdraw did not qualify as a "last order," so that 
reopening was barred). In each of the latter cases, denying "last order" 
therefore appears to turn on the fact that the order in question neither added a 
new benefit nor effected a change to an existing benefit.
¶19 Reviewing the facts of the instant action in light of Arrow and 
the COCA opinions that have followed it leads us to the same conclusion as the 
workers' compensation court. A decision to commute periodic payments to a lump 
sum is one that fundamentally changes, and thus substantially affects, both the 
range and the nature of monetary benefits conferrable by workers' compensation 
law. Pursuant to both the Workers' Compensation Act, 85 O.S.2001 § 41(A), and the 
Workers' Compensation Code, 85 
O.S.2011 § 345, "[a]ll awards shall be paid by periodic installments," with 
commutation of a PPD award authorized only "for good cause shown" and "by 
permission of the Court."
¶20 The Supreme Court has long recognized that commutation to a lump sum 
constitutes a change in the rights or status of the parties. See, 
e.g., Derr v. Weaver, 1935 OK 1223, ¶ 9, 47 P.2d 573 ("The power to make 
changes in the method of payment is not unlimited, nor can it be exercised 
arbitrarily"). Indeed, the Court has held that a commutation order entered 
without notice and a hearing as to the need for such an order may be void 
because it violates due process. See id. (Syllabus by the Court); see 
also Independent Sch. Dist. No. 1 of Tulsa Cnty. v. Albus, 1977 OK 241, ¶¶ 22-33, 572 P.2d 554. These cases also 
demonstrate that commutation orders meet the Arrow criteria of 
reviewability. Commuting of periodic installments to a lump-sum effectively 
confers a new monetary award, and "substantially affects the monetary benefits 
conferrable" by the workers' compensation laws.
¶21 We further note that in this case, Claimant's evidence submitted in 
support of, and attached to, the December 2009 commutation order indicates 
Claimant's proposal to purchase a laptop computer with associated printer and 
software, "for vocational training," with a portion of the lump-sum proceeds. 
Thus, to the extent that the lump-sum award may be used for a claimant's further 
education or vocation, the order would affect the claimant's rehabilitative 
benefits, as well.
¶22 Employer's description of commutation orders as a mere "clarification" of 
an initial PPD award allowed mainly for "humanitarian" purposes understates the 
fundamental nature of the change effected by a commutation order. The argument 
also fails to recognize that even an order made for a "humanitarian" purpose may 
nonetheless "substantially affect" the medical, monetary, or rehabilitative 
benefits conferrable by the law. We reject Employer's argument, and find instead 
that the workers' compensation court's December 2009 "last order" triggered the 
running of the three-year period within which Claimant could seek reopening. His 
request to reopen, therefore, was timely filed.
CONCLUSION
¶23 The workers' compensation court's order of December 23, 2009, qualifies 
as a "last order" that triggered the running of the three-year statutory period 
within which Claimant's request to reopen his claim could be filed. Accordingly, 
the workers' compensation court's order is sustained.

¶24 SUSTAINED.

RAPP, P.J., and BARNES, J., concur.

FOOTNOTES

[1] The 
order found Claimant sustained injury to his cervical spine, thoracic spine, 
right shoulder, right hand, right leg, and right foot, as well as disfigurement 
to multiple body parts. He underwent several surgeries requiring insertion of 
hardware, developed an infection while hospitalized requiring debridement 
surgery, and required both physical therapy and home exercise. The court found 
25% PPD to Claimant's right foot; 25% PPD to his right hand (wrist); 30% PPD to 
his right shoulder; 6% PPD to his cervical spine; 2% PPD to his thoracic spine; 
and 30% PPD to the right leg (knee). It further found Claimant was entitled to 
PPD for 382.5 weeks at $210 per week, with a total award (including 
disfigurement) of $82,325, of which 16 weeks had accrued to be paid in a lump 
sum of $3,360; and that Employer was entitled to $756 in overpayment of TTD 
benefits. In September 2009, the court entered a nunc pro tunc order correcting 
its August 2009 order, and also ordered Claimant to undergo a vocational 
rehabilitation evaluation, the results of which are not included in the 
record.

[2] In 
Lang, the Court considered the matter despite the fact that no date of 
change of condition appeared in the record, and relied instead on Claimant's 
argument in his brief as to what law applied. See 2009 OK 17 at ¶ 16. A similar 
situation is presented in the case before us. 

[3] We also 
note that any attempt by this Court to construe § 43 and § 318 separately would 
be pointless: If we disagreed with Employer and determined instead that a 
substantive difference existed between the two provisions, our next step would 
be to return the matter to the workers' compensation court for a finding as to 
the date of Claimant's changed condition. The latter result is not possible due 
to the Supreme Court's pre-assignment ruling that allowed this case to go 
forward, in apparent reliance on Employer's argument, in its show cause 
response, that the parties should not be required to go through the trouble and 
expense of litigating whether a changed condition exists before a ruling is made 
as to whether reopening is barred by time.

[4] The 
Court in Arrow noted that the workers' compensation court in that case 
had also entered an order denying commutation of the claimant's award on the 
same day it entered the vocational rehabilitation order. In a footnote to its 
opinion, however, the Court stated that, because it found the vocational 
rehabilitation order qualified as a "last order" under § 43(C), it was 
"unnecessary to reach for consideration whether the order denying commutation of 
the original award would also qualify." 2000 OK 86, n.33.





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2001 OK CIV APP 44, 24 P.3d 373, 72 OBJ 1307, GRATZER v. HAPPY FOODS
Discussed
 2001 OK CIV APP 61, 23 P.3d 315, 72 OBJ 1622, HERMAN BROTHERS v. HUFFMAN
Discussed
 2003 OK CIV APP 52, 71 P.3d 51, FLEMING v. OWENS ILLINOIS INC.
Discussed
 2005 OK CIV APP 64, 120 P.3d 888, JACKSON v. CYCLO LP GAS, INC.
Discussed at Length
 2010 OK CIV APP 88, 240 P.3d 719, SHAPIRO v. CITY BEVERAGE CO. LLC
Discussed
 2010 OK CIV APP 139, 244 P.3d 796, WARD v. RIVER PARKS AUTHORITY
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 2000 OK 86, 16 P.3d 1120, 71 OBJ 2896, ARROW TOOL & GAUGE v. MEAD
Discussed at Length
 2001 OK 115, 37 P.3d 899, 72 OBJ 3695, MULTIPLE INJ. TRUST FUND v. PULLUM
Discussed
 2002 OK 42, 54 P.3d 1010, UNITED STATES FIDELITY & GUARANTY CO. v. STATE EX. REL. OKLAHOMA TAX COMMISSION
Discussed
 1935 OK 1223, 47 P.2d 573, 173 Okl. 140, DERR v. WEAVER
Discussed
 1996 OK 73, 918 P.2d 1388, 67 OBJ 2060, LCR, Inc. v. Linwood Properties
Discussed
 2009 OK 17, 206 P.3d 589, LANG v. ERLANGER TUBULAR CORP.
Discussed at Length
 1977 OK 241, 572 P.2d 554, IND. SCH. DIST. NO. 1 OF TULSA CTY. v. ALBUS
Discussed
Title 85. Workers' Compensation
 Cite
Name
Level

 85 O.S. 318, Repealed by Laws 2013, SB 1062, c. 208, § 171, eff. February 1, 2014
Discussed at Length
 85 O.S. 345, Repealed by Laws 2013, SB 1062, c. 208, § 171, eff. February 1, 2014
Cited
 85 O.S. 16, Repealed by Laws 2011, SB 878, c. 318, § 87
Cited
 85 O.S. 41, Repealed by Laws 2011, SB 878, c. 318, § 87
Cited
 85 O.S. 43, Repealed by Laws 2011, SB 878, c. 318, § 87
Discussed at Length